# SPRING-SPECIAL TERM.

---

# WHEELING.

## WELLS v. THE TOWN OF MASON.

Submitted January 14, 1884—Decided March 8, 1884.

1. *Mandamus* is in this State a proper remedy to enforce the payment of judgments against municipal corporations, when executions on such judgments have been issued and returned "no property found." (p. 459.)

2. Under such circumstances a judgment against a town in this State will be enforced by *mandamus*, though the judgment had been rendered for medical attendance on a pauper in a town, in which it was not the duty of the common-council to support the poor residing in the town. (p. 461.)

3. The judgment in such case conclusively determined, that the town was chargeable with the sum, for which the judgment was rendered, and it is the duty of the common-council of all towns in this State to annually make up and enter on their journal an accurate estimate of all sums, which are or may be lawfully chargeable to such town, and which ought to be paid within the year, and to order a levy of so much, as may in its

opinion be necessary to pay the same. The payment of such judgment against a town however erroneous, if no writ of error has been taken should be so provided for by taxation ; and if it be not done and it cannot be collected by execution, its payment should be enforced by *mandamus*. (p. 462.)

GREEN, JUDGE, furnishes the following statement of the case :

Wm. P. Wells on the 9th day of October, 1878, filed his petition addressed to the Hon. Joseph Smith, judge of the circuit court of Mason county, stating that the town of Mason in said county in the State of West Virginia was prior to May 11, 1870, and ever since has been and is a corporation of said State; that on June 4, 1877, he obtained a judgment in the county court of Mason against said town for fifty-nine dollars and ninety-eight cents with interest from May 30, 1877, till paid and one hundred and twelve dollars and fifty-nine cents costs of suit; that on this judgment on June 14, 1877, he issued an execution which was returned "no property found;" that said defendant has no property out of which said judgment can be made; and that said defendant refuses to pay the same. The petitioner prayed that a writ of *mandamus* be awarded against the mayor, recorder and councilmen, naming them, together constituting the council of the town of Mason, returnable to some day during the then term of said circuit court, commanding them to levy a tax on the taxable property within the corporate limits of said town of Mason sufficient to satisfy said judgment, interest and costs, or show cause, if any they can, why they should not do so. This petition was sworn to by the petitioner. The court thereupon issued a rule against said defendants to show cause, if any they could, why this writ of *mandamus* prayed for should not be awarded, which rule was made returnable to the eighth day of the term; and they waiving the service of this rule at once appeared thereto and asked until the Tuesday following to make return to the rule, which time was given them. Their answer, sworn to, was accordingly filed.

They say, that the original cause of action, upon which suit was brought by the plaintiff and judgment rendered, was for medical services rendered by said Wm. P. Wells for one Lowry, a pauper, who he claimed was a pauper charge-

able to said town. They say, that paupers resident in the town are properly chargeable to the poor fund of the county of Mason and not a charge upon the taxable property in said town; and that no power is conferred upon them by the charter of said town passed by the General Assembly of Virginia, February 26, 1856, or the amendatory act passed by the Legislature of West Virginia chapter 49 of Code of West Virginia of 1868 section 68, or any other act amendatory of said charter to levy or collect any poor-tax from the taxable property of said town. They also state, that before they took the advice of counsel, they had audited and paid all of said costs except the clerk's and sheriff's fees and the statute fee amounting to twenty-five dollars. They say further, that if they the common council of said town have authority by law to levy and collect a tax upon the taxable property of said town for the maintenance and expenses of paupers therein, they are ready and willing to do the same by and under the direction of the court, but not otherwise. And thereupon on the 20th day of October, 1878, said court rendered the following judgment on a demurrer to said return.

"Return being made to a conditional *mandamus* awarded at a former day of this term, on the motion of W. P. Wells, directed to James Kennedy, mayor, Samuel Adkins, recorder, Michael Williams, Richard Collins, Thomas Duffy, Edward Schwartz and Adam Copinger, councilmen, constituting together the common council of the town of Mason, this day came the parties, by their attorneys, whereupon the plaintiff demurred to the said return, and the said demurrer being argued by counsel, the court is of opinion the same is well taken, and doth sustain the same; and the parties being fully heard, and the return aforesaid being seen and inspected, it seems to the court that the said return is insufficient. Therefore, it is considered that the peremptory writ of *mandamus* be awarded to the said James Kennedy, mayor, Samuel Adkins, recorder, Michael Williams, Richard Collins, Thomas Duffy, Edward Schwartz and Adam Copinger, councilmen, constituting together the common council of the said town of Mason, commanding them to levy a tax upon the taxable property within the corporate limits of said town of Mason sufficient to satisfy the plaintiff's said judgment of

fifty-nine dollars and ninety-eight cents, dated June 4, 1877, with legal interest thereon from the 30th day of May, 1877, till paid, and one hundred and twelve dollars and fifty-nine cents, costs of said judgment, and the costs of this suit. The defendant shall have credit for such costs as it may have paid heretofore.

"It is further ordered that the plaintiff recover from the defendant his costs by him about the prosecution of his suit in this behalf expended.

"It is further ordered that service of copies of this order upon the members of said council shall be a sufficint service of a peremptory *mandamus;* and the defendant desiring to take an appeal, it is ordered that the foregoing *mandamus* be suspended for sixty days."

To which judgment a writ of error and *supersedeas* has been awarded.

*Simpson & Howard* for plaintiff in error.

*Rankin & Wiley, jr.,* for defendant in error.

GREEN, JUDGE:

In the case of *Fisher* v. *The City of Charleston,* 17 W. Va. p. 615, this Court says: "There can be no question but that, when a judgment has been obtained against a municipal corporation and an execution has been issued thereon, and it has been returned 'no property found,' the creditor has a right to enforce the payment of his judgment by a *mandamus* issued against the proper municipal authorities compelling them to make a sufficient levy to pay his debt. See *Coy* v. *The City Council of Lyons City,* 17 Iowa 1; *The City of Olney* v. *Harvey et al.,* 50 Ill. 455; *Frank* v. *The City and County of St. Francisco,* 21 Cal. 680; *The City of Galena* v. *Amy,* 5 Wall. 705." The petition in this case properly sworn to sets forth all the facts necessary to be set forth in such a petition, in order to justify the court in ordering a rule to show cause why the *mandamus* prayed for should not issue. See *Fisher* v. *The City of Charleston,* from page 615 to 619.

The plaintiff demurred to the answer to this rule and the court sustained the demurrer and held the answer to be

insufficient. This was not the proper mode of raising the question, whether this answer to the rule was sufficient. The proper mode in such cases is for the plaintiff to move the court for a peremptory writ of *mandamus* precisely as if no answer were filed; for an insufficient answer should be treated by the plaintiff and by the court as no answer. This is expressly stated to be the proper mode of proceeding by this Court in *Fisher* v. *The City of Charleston*, 17 W. Va. p. 620. But as the court sustained the demurrer to the answer and ordered the peremptory writ of *mandamus* to issue, this error in the mode of proceeding can not be complained of by the defendants, as the only part of the judgment of the court, of which they could complain, the order for the peremptory writ of *mandamus*, was proper, if their answer was really insufficient in law, as was held by the court below.

The only question then in this case is: Did the circuit court err in ordering this peremptory writ of *mandamus* to issue; or should it have refused the writ for the reason that the answer to the rule was sufficient in law? The answer was, that the plaintiff's judgment was based on a claim against the town of Mason for medical attendance on a pauper living in the town, which it was the duty of the overseers of the poor of the county of Mason to provide for, and such attendance was a proper charge against said county of Mason and not against the town of Mason, and that the common council of said town had no authority to levy or collect a tax to pay the expenses of or support any pauper living in the town. Was this a sufficient answer in law to this rule? As I understand the law, the duty of furnishing the necessary aid and assistance to a pauper living in the town of Mason was imposed on the overseers of the poor of Mason county, and the support of such pauper is a charge on the county of Mason and not on the town of Mason. See ch. 46 of Code of West Va. as amended by ch. 80 of Acts 1872–1873, p. 189 and especially § 9 p. 192; *Gunn's Adm'r* v. *The County of Pulaski*, 3 Ark. 427. All paupers in this State are under our statute-law, as I understand it, to be supported by the several counties and not by the town, in which they reside, except in a few towns, where their charters provide that the towns shall support paupers residing therein. But

no such provision is found in the charter of the town of Mason.

I know that there is an impression prevailing, that any town in the State may, if it chooses, undertake to support the paupers residing in such town, and if they choose so to do and do actually support their own poor, that they are thereby relieved from the payment of poor levies imposed on the inhabitants of the county by the authorities of the county. This impression, I presume, has arisen from the provisions contained in ch. 159 of Acts 1872–1873 p. 499. This act provides, that "the inhabitants of a town that provides for its poor and keeps its streets in order shall not be required to pay poor-levies or road-taxes; but beyond this no city, town or village shall be exempt from the payment of county levies by reason of any provision in its act of incorporation." This act neither expressly nor by implication confers on any town the power to collect taxes to support its poor. Nor is such power conferred on the towns and villages of the State generally by ch. 47 of Code of W. Va. p. 324 nor on the town of Mason by its charter Act of General Assembly of Virginia 1855–6, p. 181–2, or its amendment ch. 116 of Acts of W. Va. 1869 p. 85. Section 28 of ch. 47 of Code of W. Va. entitled of "towns and villages" p. 329, defines the powers and duties of its council; and among them are the following: To open, keep in good repair, improve and light its streets, to establish markets, to provide cemeteries, to protect persons and property in said town and preserve peace and good order therein, to appoint a police force to assist the sergeant in preserving the peace, to fix the compensation of the officers of the town, to erect gas-works and water-works in the town, to provide for weighing hay, coal, &c., to provide for the annual assessment of taxable property in the town, to provide a revenue for the same and appropriate it to its expenses. These powers and some others conferred on towns cannot be carried out except by the raising of a revenue by taxation and appropriating it for such purposes, and accordingly the third section of said act, page 330, provides, "that the council shall cause to be annually made up and entered upon its joural an accurate estimate of all sums, which are or may become chargeable on

such town or village, and which ought to be paid within the year, and it shall order a levy of so much as may in its opinion be necessary to pay the same." Under this provision it seems to be obvious that it was the duty of the town-council of the town of Mason, when the defendant in error W. P. Wells obtained a judgment in the county court of Mason on June 4, 1877, for fifty-eight dollars and ninety-eight cents and one hundred and twelve dollars and fifty-nine cents costs against said town to enter it upon the journal of the council together with "all other sums, which were lawfully chargeable on the town, and which ought to have been paid within the year, and to order a levy of so much, as was necessary to pay the same." This the council did not do; and it may be compelled to perform this duty by a peremptory writ of *mandamus*.

So soon as the county court rendered this judgment against the town of Mason, the town became lawfully chargeable therewith. The whole object of the plaintiff, W. P. Wells, in bringing this suit was to obtain a judicial decision as to whether or no the town of Mason was chargeable with the claim which he set up against it, and which they refused to pay. The county court of Mason, which clearly had jurisdiction of the case, decided that the town of Mason was legally chargeable with this claim, and rendered a judgment against it therefor. It is claimed, however, that in this the county court erred, as the town of Mason is not chargeable with keeping its paupers. So far as we know this is true, the town of Mason is not chargeable with the keeping of its paupers; and in all probability the county court of Mason did blunder in so deciding, though we do not so decide, as it is in this case immaterial whether it did or not. For what if it did blunder, it is perfectly well settled, that this decision of the county court of Mason cannot be reviewed and revived in a *mandamus* suit and therefore cannot be reviewed in this case. If the county court of Mason erred in deciding, as it did, that the town of Mason was lawfully chargeable with this claim its judgment could have been reviewed only by a writ of error; and it is entirely immaterial, whether the error of the county court was an error in their legal judgment or was the result

of an error as to the facts of the case. In neither case can their judgment be reviewed except by writ of error. Suppose the county court of Mason mistook the law and held, that the town of Mason and not the county of Mason was bound to support its paupers. The town of Mason would of course have to submit to this judgment, unless it thought proper to have it reviewed by writ of error, the only way in which it could be reviewed.

But it is asked by the counsel for the plaintiffs in error: "Would the courts enforce taxation upon the inhabitants of a corporation, for which there was no authority of law, because of the laches of its officers who may have let this judgment go by default?" I answer: The court would enforce such taxation, though it had been ascertained judicially, that the town was chargeable lawfully with the claim solely because of the negligence of its officers. I cannot see any particular hardship in so doing. If the personal representative of an estate, a guardian or other trustee, by his default or negligence permits a judgment to be rendered against him in his official character, which ought not justly to have been rendered, the court does not hesitate to enforce it. It is the duty of the person occupying such official position to see, that the rights of the persons, whom he represents, are properly presented to the court, and if he fails to do so he may in some cases be held responsible for his negligence, but the judgment of the court is not vitiated thereby, but will be enforced. If it was otherwise there would be no end to litigation. The very object of the suit is to determine whether there is a legal liability; and if the negligence of those, whose official duty it was to obtain from the court a just judgment, is to be received as a reason why the judgment of the court should not be enforced, then is the instituting of such suit an idle and vain thing.

It is insisted by the counsel for the plaintiff in error that, if the authority of a municipality to levy a tax become even doubtful, a *mandamus* directing such levy will not be awarded. Various authorities are relied upon to show that this is the law. *The State ex rel. Shackleton* v. *Town of Guttenburg*, 39 N. J. L. (10 Vroom.) 660, is especially relied upon as establishing this proposition of law and as showing that it

will be acted upon even where there has been a judgment rendered against the corporation and a return of "no property found" made on an execution issued on such judgment. There can be no question but that this is a correct legal proposition; but it has no application in this case. For the town-council of Mason is not only by statute expressly authorized, but it is expressly directed "to levy each year so much as may be necessary to pay all sums, which may become lawfully chargeable on the same." See Code of W. Va., ch. 47, § 30, p. 330. The county court of Mason has decided in a case, which cannot now be reviewed, that the town of Mason is chargeable with the sum, for which in this case W. P. Wells asks, that the council of the town of Mason might be compelled by *mandamus* to levy a tax to pay, they refusing to do so. The case, which it is supposed would justify the court in refusing to grant such *mandamus*, is *The State ex rel. Shackleton* v. *Town of Guttenburg*, 39 N. J. L. 660. But it seems to me, that the principles laid down in this as well as all other cases, which I have seen, require the issuing of such peremptory writ of *mandamus* in this case. The court in that case, page 661, says:

"That a *mandamus* is generally the proper remedy to enforce the levy of taxes for the payment of judgments against municipal corporations, when the ordinary process of execution is inadequate, seems both to follow from the reason of the thing, and to be settled by many adjudications. Usually the money required to satisfy such judgment, must be the proceeds of taxation. The duty to pay is *clearly* and *conclusively* established by the judgments, and execution failing, all ordinary legal remedy is exhausted, so that the conditions which justify a resort to *mandamus* exist, viz: A clear legal right, requiring the performance of a specific duty and no other adequate means of redress. The United States courts have frequently employed the writ for this purpose. And the supreme courts hold that its propriety is no longer questionable. *Commissioners of Knox County* v. *Aspinwall*, 24 How. 376; *Supervisors* v. *Durant*, 9 Wall. 736."

Now this general rule thus laid down with much clearness is strictly applicable to the case before us and fully justified and required the circuit court to issue the peremptory writ

of *mandamus.*  In the New Jersey case however the court decided, that this general rule was inapplicable to the case before it, because the defendant in that case had no authority to direct the levy of the tax, which the court was asked to command.   The court in that case very properly say (see page 662):  "Every lawful tax rests upon legislative enactment; and subordinate bodies, that seek to impose such a burden upon the citizens, must be able to show a power so to do derived from positive statute.  The grant relied on must also be evident and unmistakable."  This power of the council of the town of Mason to levy taxes to an unlimited extent to pay all sums lawfully chargeable to the town was not only, we have seen, expressly conferred on the council of the town and upon the council of every other town in the State, but the council was by the statute required to exercise this power annually.   See Code of W. Va. ch. 47 § 30 p. 330, and this sum being in the judgment of a court having jurisdiction such a sum as was chargeable to said town of Mason, they were expressly authorized and required to make a levy to satisfy the same.  But in the New Jersey case the court say, that the charter of the town of Guttenberg unlike the charter of the town of Mason did not give the council unlimited power to levy taxes to pay all sums lawfully chargeable against the town, but on the contrary the charter of the town of Guttenberg expressly provided, that its council should not by taxation in any one year raise more than one thousand dollars, and that amount having been already raised and expended that year, there were no funds wherewith to pay the plaintiffs judgment, and the council having already collected and expended all that their charter authorized them to collect by taxation that year, the court properly refused to require them by issuing a peremptory *mandamus* to levy a tax, when they were not authorized by law to levy any further tax.   But the court did not in this or in any other case, that I have seen, undertake, when asked to issue a *mandamus*, to compel a town to pay a judgment, to enquire into the legality of the judgment, or whether the debt, for which the judgment was rendered, was legally a just debt against the town.   So far from so doing the court in the New Jersey case expressly say, that the judgment clearly and conclusively establishes

the duty of the town to pay such debt. And if, as in this State, all the towns in New Jersey had been authorized to levy taxes to any extent necessary to pay all their debts, there can be no question, that the New Jersey court would have enforced this duty by *mandamus*. It was not enforced simply because the authority of the council to levy was limited to levying one thousand dollars a year and this power they had already exhausted.

I am therefore clearly of opinion that the circuit court of Mason did not err in ordering the issue of a peremptory *mandamus* in this case. The answer filed to the rule being in this case insufficient in law should have been treated as no answer, and the peremptory writ of *mandamus* should have been issued as though no answer had been filed. There was in this case no necessity to issue any alternative writ of *mandamus*. This is always proper, where the answer to the rule shows, that there is a dispute about material facts between the parties; and it is issued only that such issue of fact may be made up formally and tried by a jury. But if there be no controversy about the facts but only a difference of opinion about the law, and the law is in favor of the plaintiff, and therefore the answer to the rule by the defendants is insufficient in law, and it is obvious from it, that no sufficient answer could be filed, a peremptory writ of *mandamus* should be at once ordered to be issued, just as though no answer to the rule had been filed. See *Fisher* v. *City of Charleston*, 17 W. Va. p. 611, 620. The judgment of the circuit court of Mason of October 26, 1878, ordering such peremptory writ of *mandamus* must therefore be affirmed and the defendant in error must recover of the plaintiff in error his costs in this Court expended and thirty dollars damages.

If the parties, against whom this peremptory writ of *mandamus* was awarded, have ceased to be officers of said town of Mason, since said writ was awarded, the case will have to be revived in the circuit court of Mason against those persons, who may at the time of such reversal be the proper officers of said town, and another peremptory writ of *mandamus* should be awarded against those, who then constitute the common-council of the town of Mason. If it be issued

the exact amount to be raised should be ascertained by the court and inserted in the order directing the peremptory writ of *mandamus*. The omission to insert this amount in the order it made on October 26, 1878, and directing a credit to be given for the costs already paid was an error. This credit should have been ascertained and allowed, before the order for the peremptory *mandamus* was made.

AFFIRMED.    REMANDED.