# CHARLESTON.

CAMDEN CLAY CO. *v.* TOWN OF NEW MARTINSVILLE.

Decided May 10, 1910.

1. PLEADING—*Overruling Demurrer—Leave to Reply.*
   When a demurrer to a plea is overruled, the plaintiff cannot reply in point of fact unless he withdraws the demurrer; but leave to withdraw the demurrer will be conceded as of course and answer in point of fact then allowed.

2. SAME—*Demurrer—Demurrer to Plea—Withdrawal—Reply.*
   Though a demurrer to a plea is not formally withdrawn after it is overruled, the defendant will be held to a recognition of its implied withdrawal if he permits an issue of fact to be joined by replication to the plea without objection on his part.

3. MUNICIPAL CORPORATIONS—*Expenditure of Current Revenues—"Contract Debts."*
   A town may expend its current revenues and accrued funds

67 W. Va.

and may make contracts to that end. To do so is not to contract debts within the meaning of the constitutional inhibition.

4.  SAME—*Contracts—Validity.*
    If the contracts and engagements of a municipal corporation do not overreach the dependable current resources for which provision exists at the time the contracts and engagements are assumed, no lawful objections to them can be interposed, however great the indebtedness of the municipality may be.

5.  SAME—*Invalidity—Excess of Indebtedness.*
    A party to assert successfully the invalidity of a contract made by a municipal corporation, on the ground that it has assumed an indebtedness beyond that which it could legally assume by the contract, must establish by clear evidence all facts necessary to show the alleged invalidity.

Error to Circuit Court, Wetzel County.

Action by the Camden Clay Company against the Town of New Martinsville. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Thos. P. Jacobs* and *Hall & Hall,* for plaintiff in error.

*H. P. Camden, Dan B. Leonard, Rankin Wiley,* and *Thomas H. Cornelt,* for defendant in error.

ROBINSON, PRESIDENT:

The Town of New Martinsville, a municipal corporation, on June 11, 1902, entered into a contract with C. Skidmore for the paving of particularly named streets. For doing the work in the manner specified, Skidmore was to receive stated prices for the curbing, excess excavating, and brick paving necessary to complete the contract. The work was to be completed by November first, of that year. Payments were to be made to Skidmore every thirty days, upon estimates of eighty per cent. of the work completed. Final payment was to be made at the completion of all the work and its acceptance. Just here it may be observed that the contract was to be performed and the work paid for during the current municipal fiscal year of 1902 within which it was made. The contract does not relate to future years, nor does it pretend to bind future levies for its payment.

Skidmore completed the work. The municipal authorities accepted it. They accounted with him and fixed the amount to which he was entitled. Then Skidmore assigned to the Camden Clay Company the amount remaining due to him from the town. Many payments were made by the town to this assignee. But later a balance of $10,000 remained unpaid, and the town refused to make further payment. This suit followed. The town in defense claimed that the work had not been done according to the contract, and that, in any event, the debt was an illegal and invalid one because the legal limit to which the municipality could incur indebtedness was exceeded in the making of the obligation. From a judgment for $11,700, upon the verdict of a jury, this writ of error was obtained.

Though many exceptions were presented in the original assignments of error, the brief of counsel for the town relies upon but two points. The neglected assignments, however, have been considered by us. Finding them not well taken, we overrule them. This written opinion may well be devoted to the two points raised in the brief.

Two special pleas were interposed by the defendant town. One of the pleas alleged a breach of the contract by Skidmore and averred that defendant was damaged by that breach to the amount claimed by plaintiff. The other plea denied the validity of the contract upon the averment that the town undertook to incur an indebtedness payable out of revenues for years other than the one as to which the contract was made. Plaintiff demurred to each plea, but the court overruled the demurrers. Then plaintiff replied generally to each plea. Issues were thus joined, without objection on the part of defendant. Now, defendant insists that when plaintiff failed in the demurrers to the pleas the issues presented by the pleas were thereby finally settled against plaintiff. In other words, it is submitted that plaintiff could not reply to the pleas after the demurrers thereto were overruled unless the demurrers were withdrawn. True it is that at the common law the plaintiff could give one answer, either of law or of fact, but no more, to each plea. 4 Minor's Inst. (3d Ed.) 1167. This common law rule is changed by our statute only in one particular. More than one answer in point of fact to a special plea is now allowed—more than one replica-

tion. But this common law rule which applies to the plaintiff has not been altered further in his behalf, as a similar rule of pleading in relation to the defendant has been changed. The defendant may demur and also plead fact. He "may plead as many several matters, whether of law or fact, as he shall think necessary," except in a single instance named in the statute. The plaintiff, however, has not been given such privilege. He must still answer the defendant's plea by demurrer, or answer it in point of fact by replication. He cannot demur and reply. He must choose one course or the other. If he chooses the latter course, then, to any special plea, he "may plead as many special replications as he may deem necessary." Code 1906, chapter 125, section 20. But the inconvenience in being compelled to choose between a demurrer or a replication may be evaded by the plaintiff. If a demurrer to a plea be overruled, leave to withdraw the demurrer will be conceded as of course and an answer in point of fact then allowed. 4 Minor's Inst. (2d Ed.) 1167. In the case at hand, plaintiff did not expressly withdraw the demurrers upon which it failed, but it was permitted to reply in point of fact without protest or objection on the part of defendant. In substance and practical import, this course was a 'withdrawal of the demurrers. Defendant must be held to a recognition of the implied withdrawal of the demurrers, since no objection on its part was made to the replications. Defendant recognized the demurrers as withdrawn when it acquiesced in the filing of the replications. Applicable here are words of the Virginia Court: "In this case, although the record does not show that the demurrer was 'withdrawn, the court and parties must have so considered it, otherwise the replication could not have been filed and a trial had upon the issue of fact raised by it. The demurrer having been treated in the trial court as waived or withdrawn, it must be so considered here." *Railway Co.* v. *Bank,* 92 Va. 495.

The court instructed the jury that the evidence was insufficient to justify a finding that the contract was an illegal and invalid one. This instruction was a proper one in the premises. Defendant did not prove that at the time the town entered into the contract it thereby assumed an indebtedness 'which, with other liabilities then existing or assumed, overreached the dependable resources of the municipality for the current year.

Were resources provided at the time the contract was made, sufficient according to reasonable expectation, to meet all existing liabilities of the town for the current year including the indebtedness under the contract? If so, the contract was not illegally made. Defendant failed to prove that such provision was not made. Evidence clearly establishing the fact that no such provision existed was primarily essential to an overthrow of the contract for illegality on the ground alleged. The contract and the indebtedness which it represents are presumed to be legal. *Armstrong* v. *County Court,* 41 W. Va. 602. It is presumed that all steps necessary to the legality of the contract were taken. It is presumed that legal provision was made for the payment of the indebtedness when the same was assumed. That presumption prevails and sustains the legality of the contract until the presumption is clearly overthrown by evidence. It was not overthrown in this case. The burden was on the town to prove the illegality of the contract by clear and defined evidence—so to prove that the provided resources of the town were exceeded by the indebtedness under the contract at the time it was made. That the dependable resources may have been overreached during the current year is not enough. If this contract did not overreach them, no part of it is invalid, though liabilities assumed after its execution may have overreached those resources. The constitutional provision does not inhibit the making of current engagements which may be met with moneys on hand and the current revenues provided at the time the engagements are made. A town may expend the current revenues and accrued funds and may make contracts to that end. To do so is not to contract debts within the meaning of the constitutional inhibition. *Davis* v. *County Court,* 38 W. Va. 104. Principles which we approve have been enunciated in the following language: "If a city has money on hand, or provides at the time a present means of raising it otherwise than by loan, it may contract for expenditures without restriction, as there is no constitutional limitation on municipal expenditure, provided the city pays as it goes. What is prohibited is the incurring of debt. If a contract made by a city pertains to its ordinary expenses, and is, together with other like expenses, within the limits of its current revenues and such special taxes as it may legally and in good faith

intend to levy therefor, such contract does not constitute the incurring of indebtedness within the meaning of a constitutional provision limiting the power of municipalities to contract debts.    If means are adopted which in good faith, according to reasonable expectation, will produce a sufficient fund to pay, a contract entered into on the faith of them should not be held unlawful on account of an unintentional miscalculation, or an accidental and unexpected failure to produce the full result." *Addyston Pipe and Steel Co.* v. *City of Corry,* 197 Pa. 41 (80 Amer. St. Rep. 812).    The evidence in this case does not disclose that these legal principles were violated in the making of the contract which is the basis of this action.

The only issue of fact submitted for the determination of the jury related to the alleged breach of the contract by Skidmore—to his failure to do the work contemplated by it in the manner stipulated.    That issue the jury, on conflicting facts and circumstances, determined in favor of plaintiff.    Their finding is warranted by the evidence.    Nothing appears by which we can overthrow it.

The record plainly calls for an affirmance of the judgment. It will be so ordered.

*Affirmed.*