# CHARLESTON.

STATE EX REL. OLD NATIONAL BANK OF MARTINSBURG
v. CITY OF PHILIPPI.

Submitted April 24, 1917.   Decided May 8, 1917.

1. MANDAMUS — *Municipal Corporations — Indebtedness — Fund for Payment—Right to Writ.*

   A municipal corporation has power and authority to provide funds a second time for payment of a valid debt against it, the funds first provided therefor having been diverted by it to other public purposes, and may be compelled to do so by writ of mandamus.   (p. 438).

2. SAME—*Indebtedness—Fund for Payment.*

   The creditor in such case cannot consistently be required to await provision for his debt by a regular or general levy to be laid in the relatively remote future, if the municipal authorities are in default, by reason of their failure or refusal to provide therefor in a regular or general levy of a past year, in which it was their duty to provide for it.   (p. 438).

Original mandamus by the State, on the relation of the Old National Bank of Martinsburg, against the City of Philippi and others.

*Peremptory writ of mandamus awarded.*

*J. Hop Woods, Charles B. Johnson* and *H. H. Emmert,* for petitioner.

*W. Bruce Talbott* and *B. Leroy Compton,* for respondents.

POFFENBARGER, JUDGE:

The return to this alternative writ of mandamus awarded against the corporate authorities of the City of Philippi, requiring them to lay a levy sufficient to provide funds to pay a judgment for $3,228.16 and $62.45 costs, recovered against it by Herbert C. Brooks and now held by The Old National Bank of Martinsburg, or show cause why they shall not be compelled to do so, is wholly insufficient.

The judgment is for money due Brooks for work done for the city, under a paving contract, and for payment of which ample funds had been legally provided, at the date of the

contract. Claiming right to abate $1,850.00 from the contract price, as damages for delay in completion of the work, the city withheld this amount out of the funds so provided for the improvement, and expended it for other purposes. In an action to recover the full contract price, the city's defense failed. Now, it denies its power and authority to provide funds a second time for discharge of this part of its obligation validly made, and bases its defense to the writ of mandamus, on its alleged lack of corporate authority so to raise money by taxation.

To sustain the return, the decision in *Welty* v. *County Court,* 46 W. Va. 460, is invoked. The demand asserted in that case was not a judgment, and, besides it appeared that money had been provided by levy, for satisfaction thereof, and was presumptively, in the hands of the sheriff, though the opinion seems to hold that, after money has been once provided for payment of a valid public demand, the holder thereof must look to the treasurer for payment, and has no right to ask a second provision therefor, even though the money so provided has been diverted to other public purposes. To this extent the decision is manifestly unsound and contrary to principles repeatedly declared by this court. *Camden Clay Co.* v. *New Martinsville,* 67 W. Va. 525; *Armstrong* v. *County Court,* 41 W. Va. 602; *State ex rel.* v. *Melton,* 62 W. Va. 235; *State ex rel.* v. *Davis,* 74 W. Va. 261; *Taylor* v. *County Court,* 57 W. Va. 165. The holder of a valid demand against a public corporation is obviously not responsible for its diversion or misappropriation of its own funds.

Having failed to make provision for payment of this judgment, at times at which it was their duty to do so, a peremptory writ should be awarded, requiring the respondents to do so by a special levy, notwithstanding it might be more convenient for them to make it in the annual levy to be laid in August, for they are clearly in default. Refusal of the writ or postponement of performance of the duty, would amount to denial of a legal right.

For the reasons stated, the peremptory writ prayed for will be awarded.

*Peremptory writ of mandamus awarded.*