# CHARLESTON.

### R. A. LUSK *v.* CITY OF WILLIAMSON.

### Submitted April 4, 1922.    Decided April 11, 1922.

MANDAMUS—*Is proper Remedy to Compel Municipality to Provide by Taxation for Payment of Warrant for Liquidated Demand for Damages for Opening and Improving Street.*

Mandamus is the proper remedy to compel a municipality to provide for by taxation and pay a liquidated demand for damages to private property resulting from the opening or improvement of a public street done pursuant to law and for which damages it has issued its warrant on the municipal treasury but has not provided the funds in the hands of the treasurer to meet and pay the same.

Error to Circuit Court, Mingo County.

Petition by R. A. Lusk for mandamus against the City of Williamson. Peremptory writ refused, and relief denied, and the plaintiff brings error.

*Judgment reversed, and peremptory writ awarded.*

*Joe Hatfield,* for plaintiff in error.

MILLER, JUDGE:

The alternative writ issued out of the circuit court on December 2, 1921, upon the petition of plaintiff, commanded defendant to lay a sufficient tax upon the taxable property within the limits of said city at the next general tax levy, and as soon thereafter as possible to pay off and discharge the claim of plaintiff in the sum of five hundred dollars ($500.00), with interest thereon from June 24, 1919, or appear before said court on December 14, 1921, and show cause why it should not do so.

The claim of plaintiff, as shown in his petition, verified by oath, consisted of a warrant in the sum of five hundred dollars with interest thereon, dated June 17, 1919, drawn by defendant on the First National Bank of Williamson, its treasurer, in favor of plaintiff, to cover the damages sustained by him to his property, as agreed in a settlement and compromise of his claim, by reason of the grading and paving of East Fourth Avenue, on which his said property is located, allowed by the Board of Commissioners on June 16, 1919, and to be charged to the General Fund.

Though appearing to have been duly served on the corporate authorities and returned to the court, there was no return to the alternative writ in the circuit court, nor any appearance of any kind made therein. The circuit court, on the return day of the writ, overruled the motion of the plaintiff for a peremptory writ and denied him any relief; and it is this judgment which this writ of error was brought to review and reverse.

The petitioner alleges that the reason given by the treasurer of the city for declining payment of the warrant was lack of funds in the treasury to meet the same, and no other reason is alleged or proven. So the sole question presented, and decided adversely to petitioner, is whether he was and is entitled to compel defendant by mandamus to provide for the payment of this liquidated demand against it for the damages to his property. We must accept as true the representation of the city treasurer that there were no funds in

the general fund out of which payment of said warrant could be paid, and that the bank was not in default.

The commission created by the charter of said city is given thereby power over the subject of opening, closing, maintaining and keeping in repair the streets, alleys etc. of the city, and necessarily the implied power to condemn land and settle for the damages to property taken or damaged in the execution of its powers, as it undertook to do in the present case. No funds being provided and placed in the hands of the treasurer to meet and pay the warrant issued to petitioner, the petitioner alleges the defendant was obliged to lay a levy on the taxable property of the city to provide for the payment of said warrant.

In an early case we decided that when the common council of a municipal corporation has given its creditor an order upon its treasurer for the payment of his claim and thereafter refuses to pay or provide for its payment, mandamus is the creditor's proper remedy, and that he is not required to first reduce his claim to judgment by some action at law. *Thomas* v. *Town of Mason*, 39 W. Va. 526. In *Wells* v. *Town of Mason*, 23 W. Va. 456, the right to mandamus to compel the payment of a claim reduced to judgment was affirmed also where the funds to pay the same had once been provided, but the funds devoted to other claims. *State ex rel. Bank* v. *City of Philippi*, 80 W. Va. 437. In *Water Co.* v. *Town of Welch*, 64 W. Va. 373, the right to mandamus to compel the town to impose taxes to pay various orders and drafts given for water and light furnished by the water company in accordance with the terms of its franchise contract was held inviolate and unaffected by a retroactive statute reducing the limit of taxation. No question as to the power of the city or limitation thereon as excusing the default of the defendant to pay or provide for the payment of petitioner's debt has been presented. So we think the plaintiff has a clear right to the peremptory writ, and we will so order.

*Judgment reversed, and peremptory writ awarded.*