# CHARLESTON.

KANAWHA MANUFACTURING COMPANY *v*. THE CITY OF CHARLESTON

(No. 6020)

Submitted January 24, 1928. Decided January 31, 1928.

MUNICIPAL CORPORATIONS—*Contract to Advance City Money to be Paid by Assessments for Street Work From Other Funds, or Possible Bond Issue, Held Invalid (Const. art. 10, § 8; Code 1923, c. 28-A, § 12).*

Section 8, of Article 10, of the Constitution of West Virginia, and section 12, of chapter 28-A of the Code of 1923, circumscribing the right of municipal corporations to become indebted, applied.

(Municipal Corporations, 28 Cyc. pp. 1543, 1544.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Kanawha County.

Action by the Kanawha Manufacturing Company against the City of Charleston. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Mohler, Peters & Kelly,* for plaintiff in error.
*A. G. Stone* and *Philip H. Hill,* for defendant in error.

HATCHER, JUDGE:

The plaintiff seeks by this action, to recover $4,045.87 alleged to be due on a contract made June 3, 1912 between the Kanawha Mine Car Company, plaintiff's assignor, and the Board of Affairs of the City of Charleston, which was the official governing body of the City in 1912. The circuit court found in favor of defendant.

The Mine Car Company desired that a certain part of Thompson Street in the City should be paved, and on May 10, 1912 submitted to the Board of Affairs the following proposition:

> "We will deposit with said City the sum of five thousand ($5,000.00) dollars, or such amount as may be estimated by the City Engineer to be necessary to curb, grade and pave said street on condition that City on its part will pass the necessary resolutions and ordinances for the paving of said street, let the contract and have work done, according to law; laying the proper and legal assessments against the property owners, in order that the same may become liens against the abutting property as provided by Article 19 of the Charter of said City; the proceeds from the collection of said assessments, as fast as they are collected to be turned over to the said Kanawha Mine Car Company, to reimburse it for the amount so deposited with interest from the time of said assessment as far as said assessments will go towards such reimbursement, and for balance as may then remain due the said Kanawha Mine Car Company, the said City to pay out of other funds which may be available for this purpose, and in

the event that a bond issue should be authorized
in the meantime, the said Thompson Street includ-
ed in the bond estimates therefor, then out of said
issue, the said Kanawha Mine Car Company shall
be reimbursed for the amount so deposited as soon
as said bonds have been disposed of.''

This proposition was accepted by the Board on June 3,
1912, and the Company so notified. Resolutions were passed
to carry into effect the agreement. One of the resolutions is
as follows: ''That the money for said improvement shall be
paid for by an appropriation from funds in the Treasury
unappropriated and in accordance with an agreement this day
entered into between the City and the Kanawha Mine Car
Company.''

Pursuant to the contract the Company advanced to the city
between September 10, 1912 and February 1, 1913, the sum
of $4,492.30. Assessments against the property owners
amounting to $2,736.25 were collected between 1912 and 1926
and turned over to the plaintiff. The amount sued for repre-
sents the difference with interest between the sum advanced,
and the amount repaid.

Plaintiff contends that there were funds in the treasury of
the City at the time the agreement was made sufficient to
repay the advancement and that therefore the contract is
valid. Its argument is based on the clause in the resolution,
which states that such repayment is to be made ''from funds
in the treasury unappropriated.'' It relies on *Harold* v. *City
of Huntington,* 74 W. Va. 538 and *Clay County* v. *New Mar-
tinsville,* 67 W. Va. 525.

Defendant answers plaintiff's argument in this way: ''All
city bills are paid from funds in the treasury unappropriated,
and all city funds, present or future, are or will be 'in' the
treasury. Reading the contract as a whole the obvious pur-
pose of section 6 was to direct that the money 'shall be paid'
according to the arrangement with the plaintiff, that is, out
of such funds 'as may be available for the purpose' after the
collection of the assessments.'' Defendant further contends
that the offer of the Company proposed a loan to the City to

be repaid from future tax levies, and that its acceptance by the City violated sec. 8, Art. 10, of the Constitution of West Virginia, and sec. 12, chap. 28-A of the Code of 1923.

Plaintiff replies that as every reasonable presumption should be indulged which favors the validity of the contract, it is entitled to the presumption that the City was not without funds in June, 1912 to repay the advancement; that the burden is on defendant to prove the contrary and that it has failed to carry that burden.

The facts in this case do not engender the presumption which the plaintiff invokes. No reason is deducible from the evidence why such an arrangement as was consummated in this contract should have been made except to supply funds for paving Thompson Street, which the City did not have. It is not reasonable that the Company would have made or that the City would have accepted the advancement if the City had funds on hand available for that paving. The entire scheme shows indubitably that the money advanced was a loan to the City, and that the balance remaining when the property assessments were collected and turned over to the company should be paid out of funds which might be then available. The reference in the contract to reimbursement out of a possible bond issue shows clearly that the parties had in mind no definite fund for repayment. The contract was therefore invalid for the reasons advanced by the City. See *List* v. *City of Wheeling,* 7 W. Va. 501; *Spilman* v. *City of Parkersburg,* 35 W. Va. 605; *Shonk Land Company* v. *Joachim,* 96 W. Va. 708, and *Huddleston* v. *County Court,* 98 W. Va. 706.

The judgment of the lower court is accordingly affirmed.

*Affirmed.*