# CHARLESTON.

STATE *ex rel.* M. B. COLLINGSWORTH *v.* BOARD OF EDUCATION OF KERMIT DISTRICT, MINGO COUNTY

(No. 6362)

Submitted October 16, 1928.    Decided October 23, 1928.

*W. T. Lovins,* for relator.
*Lafe Chafin* and *G. W. Crawford,* for respondents.

WOODS, JUDGE:

This is a proceeding in mandamus, the object of which is to compel the Board of Education of Kermit district, Mingo county, to levy a sufficient tax to pay off twenty orders, previously issued by it, aggregating the sum of $4,152.00.

The petition avers the issuance and allowance of said orders by the Board aforesaid for labor and other services incident to the carrying on of the schools of the district; that the same are valid and legal obligations and debts of the district; that said orders were authorized, drawn in the manner required by law, and countersigned by the proper officers; that such orders have been presented to the sheriff of Mingo county for payment and payment refused by him, on the ground that he has no funds to pay the same; that in fact the said sheriff

did have funds in his hands wherewith to pay said orders; and that the Board had made a levy from which the funds could be raised to pay said orders and each of them, which funds were provided, and levy made, prior to the making, issuance and delivery of said orders; that since such refusal to pay said orders by the sheriff, the petitioner has requested the Board to make a levy for the purpose of raising funds wherewith to pay said orders, which request so far has not been complied with, the Board declining and refusing to so do; that there are not now sufficient funds in the hands of the sheriff of Mingo county to pay the same. Upon these facts the petitioner prayed the award of a writ of mandamus directed to the Board, as aforesaid, the members and the secretary thereof, commanding said Board to levy a sufficient tax upon all the taxable property within the limits of the district to pay off and discharge said orders and each of them, or show cause, if any it can, why it should not do so.

By its answer and return to the alternative writ, the Board of Education defended upon the following grounds: (1) That the records of the Board of Education had been burned, and that the respondents had no means of ascertaining the number of the orders claimed by the petitioner which had been issued or of ascertaining whether said orders are legal or correct; and (2) if said orders had been issued, if legally issued at all, that it was at a time when the sheriff had no funds in his hands to pay the same and at a time when the funds of Kermit district were overdrawn, and being so issued were in violation of law and therefore void and of no effect.

First, are the claims of petitioner valid? It is a well settled principle of law that mandamus will not lie to compel a board of education to levy a tax to pay illegal orders drawn on it. *Dempsey* v. *Board of Education,* 40 W. Va. 99. The petitioner met this defense by putting into the record full proof establishing the validity of each item, and a proper issuance of orders therefor by the board of education. The relator offered no evidence in rebuttal. Now, as to the second ground of defense: While it is true that the fund from which these orders should have been paid, were overdrawn at the time of their issuance and presentation to the sheriff for

payment, this defense is met by evidence to the effect that the reason for this condition was brought about by the action of the board of education in diverting the funds which had been provided for this particular fund to other public purposes. The relator does not offer any testimony to refute this. It has been held by this Court that where a municipal corporation has once provided funds for the payment of a valid debt against it, and diverted it to other public purposes, a creditor has the right to compel such municipal corporation to provide funds a second time for the payment of a valid debt against it. *State ex rel. Bank* v. *City of Philippi,* 80 W. Va. 437. A peremptory writ is awarded in accordance with the prayer of the petition.

*Writ granted.*