## POCAHONTAS COAL & COKE CO. v. COOK et al.

### No. 3721.

Circuit Court of Appeals, Fourth Circuit.

Jan. 8, 1935.

A. W. Reynolds, of Princeton, W. Va. (Albert W. Reynolds, Jr., of Princeton, W. Va., and Theodore W. Reath, of Philadelphia, Pa., on the brief), for appellant.

Homer A. Holt, Atty. Gen., Ira J. Partlow, Asst. Atty. Gen., and R. D. Bailey, of Pineville, W. Va., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This action was instituted by the Pocahontas Coal & Coke Company, a New Jersey corporation, against the sheriff of Wyoming county, W. Va., and the members of the state sinking fund commission of that state to recover the sum of $33,145.39 paid under protest as taxes improperly levied upon its property for the year 1931. A demurrer to the declaration was overruled, and, in addition to a general plea of non assumpsit by defendants, there was a special plea of estoppel by reason of a judgment rendered by the circuit court of Wyoming county. General and special replications to this special plea were filed; and, upon waiver of a jury trial, the issues so raised were submitted for decision to the court without a jury. Evidence was taken, and the court found in favor of the defendants. The plaintiff thereupon moved the court (1) to set aside its finding and enter judgment for the plaintiff, notwithstanding same, upon the ground that there was no conflict in the evidence, and that the court's finding was solely a matter of law arising upon the uncontroverted facts shown by the evidence and was erroneous, and (2) to arrest the judgment and set aside its finding and to grant the plaintiff a new trial upon the ground that the find-

ing of the court was contrary to the law and the evidence. This motion was denied, and exception was taken to its denial as well as to the judgment for defendants, which was thereupon entered. These were the only exceptions taken during the trial, and they form the basis of plaintiff's two assignments of error.

As the sufficiency of the evidence to sustain a finding for defendant was not challenged during the progress of the trial, we have no power to review its sufficiency upon this appeal. It is well settled that motions to set aside the findings of the court are addressed to the discretion of the trial judge, which is not reviewable, in the absence of abuse. Southern Surety Co. of Des Moines, Iowa, v. U. S. (C. C. A. 8th) 23 F.(2d) 55, 59. The fact that a jury trial was waived does not affect the matter; for in such case, if a party wishes to challenge generally the sufficiency of the evidence to support a finding for his adversary, he should move for a finding in his favor on that ground and should note an exception to the refusal of the motion, just as though the trial were had before a jury. Unless this is done, or the question is properly raised in some other way during the progress of the trial, as by requests for special findings of fact or by exceptions to the rulings of the court, the sufficiency of the evidence to sustain the finding is not reviewable on appeal. Eastman Kodak Co. v. Gray, 292 U. S. 332, 54 S. Ct. 722, 724, 78 L. Ed. 1291; Arthur C. Harvey Co. v. Malley, 288 U. S. 415, 417, 53 S. Ct. 426, 77 L. Ed. 866; Llewellyn v. Electric Reduction Co., 275 U. S. 243, 248, 48 S. Ct. 63, 72 L. Ed. 262; Fleischmann Const. Co. v. U. S., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; People's Bank of Keyser v. International Finance Corp. (C. C. A. 4th) 30 F.(2d) 46, 47; Allen v. New York, P. & N. R. Co. (C. C. A. 4th) 15 F.(2d) 532, 535; Darby v. Montgomery County Nat. Bank, 63 App. D. C. 313, 72 F.(2d) 181, 185; Kolton v. U. S. (C. C. A. 10th) 67 F.(2d) 741, 742; Cronkleton v. Hall (C. C. A. 8th) 66 F.(2d) 384; Gerlach v. Chicago, R. I. & P. Ry. Co. (C. C. A. 8th) 65 F.(2d) 862, 863; Wynne v. Fries (C. C. A. 6th) 50 F.(2d) 761, 762; Humphreys v. Third Nat. Bank (C. C. A. 6th) 75 F. 852, 855. The rule applicable, except that writing is no longer required if the waiver is entered upon the records of the court, was stated by Judge Taft in the case last cited as follows:

"The finding in favor of the plaintiff below was a finding which involved mixed questions of law and fact, and it was general in its form. It is well settled that in such a case nothing is open to review in this court except the rulings of the trial court in the progress of the trial, and that such rulings do not include the general finding of the circuit court, which performs the office and has the effect of a verdict of a jury; that is to say, it is conclusive as to the facts found. * * * When a party in the circuit court waives a jury, and agrees to submit his case to the court, it must be done in writing; and if he wishes to raise any question of law upon the merits in the court above he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits. A general finding in favor of the party is treated as a general verdict. A general verdict cannot be excepted to on the ground that there was no evidence to sustain it. Such a question must be raised by a request to the court to direct a verdict on the ground of the insufficiency of the evidence. If the views which the court takes of the law are deemed to be prejudicial to a party, he is required to except to the charge at the time that it is delivered, indicating those parts of it to which he objects. Where a cause is submitted to the court, however, the court cannot, in the nature of things, charge itself, and therefore no opportunity is presented to the party objecting to the views which the court entertains of the law to take his exceptions, unless he procures special findings of fact to be made and special conclusions of law to be drawn therefrom."

The rule thus stated has been consistently followed in all the federal courts, and in recent years has been repeated and emphasized by the Supreme Court in its decisions above cited. In the last of these, Eastman Kodak Co. v. Gray, supra, the court repudiated a holding by the Circuit Court of Appeals [67 F.(2d) 190] that a trial had upon a record made upon a prior trial was "in substance a quasi demurrer" to the ev-

idence contained in the record, and quoted with approval the following statement of the rule from Fleischmann Construction Co. v. U. S., supra: "And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to, and duly preserved by bill of exceptions, as required by the statute. * * * To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them."

■ We think it not improper to say, however, that an examination of the evidence contained in the record convinces us that the judgment of the lower court was correct. The taxes which are the subject-matter of the suit were duly levied in the year 1931 pursuant to direction of the sinking fund commission to restore deficiencies in bond sinking fund accounts. These deficiencies had arisen because of the failure of the sheriff to pay over to the commission taxes which had been collected for the benefit of these funds in preceding years and diverted to other purposes or lost through failure of banks. There can be no question as to the power and duty of the tax levying bodies to levy sufficient taxes to meet the interest and sinking fund requirements on outstanding bonds. West Virginia Code of 1931, c. 13, art. 3, § 6; chapter 11, art. 8, §§ 3 and 5. And the fact that taxes of former years collected for sinking fund purposes had been lost or diverted did not affect the matter. Bondholders are not required to go unpaid because money collected for their payment has been lost or used for other purposes. On the contrary, the power and duty to levy taxes for their payment continues until the obligations of the bonds are discharged. State of Louisiana ex rel. Hubert, Receiver, v. Mayor and City Council of New Orleans, 215 U. S. 170, 30 S. Ct. 40, 54 L. Ed. 144; State ex rel. Old National Bank of Martinsburg v. City of Philippi, 80 W. Va. 437, 92 S. E. 725; State ex rel. Collingsworth v. Board of Education, 106 W. Va. 214, 145 S. E. 388, 389.

■ And there is nothing in the Constitution or statutes of West Virginia which, by limitation of the amount of levies, invalidates those here in question under the principles laid down in U. S. ex rel. Huidekoper v. County of Macon, 99 U. S. 582, 25 L. Ed. 331. The constitutional provision relied on, article 10, § 8, provides that county and district bonds shall not be issued except upon compliance with certain conditions, one of which is that at the time provision shall be made for the collection of an annual tax sufficient to pay annually the interest on the bonds and the principal within and not exceeding thirty-four years. But there is nothing in this which limits the tax to any specific levy or forbids the imposition of a tax sufficient to make good a loss of funds such as has been sustained here.

■ An examination of the resolutions under which the bonds were issued shows that, in the case of most of them, it is merely provided that there shall be imposed annually a levy sufficient to provide for the payment of interest on the bonds and retire them at maturity. In some there is an estimate as to what tax rate will be required for this purpose. A few provide the maximum rate which may be imposed to meet interest and sinking fund requirements, but this, we think, is not to be construed as limiting the power of future levying bodies to impose taxes necessary to meet such requirements where the necessity for additional taxes arises out of a loss or diversion of tax moneys collected. In such case the additional tax, while used for interest and sinking fund requirements, is in reality levied to make good the loss or diversion which has occurred. Bondholders are not required to look for payment to the tax collector rather than to the body that issued the bonds. State ex rel. Old Nat. Bank of Martinsburg v. City of Philippi, supra. Where tax money is lost or diverted by the sheriff or tax collector, it is the officer whom the taxpayers have elected who is responsible for the loss; and it is unthinkable that they should shift this loss to innocent bondholders merely because the ordinance under which the bonds have been issued limits the tax which may be levied for their payment. So far as they are concerned, the case is just as though the power of taxation had never been exercised with respect to the tax moneys lost or diverted. State of Louisiana ex rel. Hubert v. New Orleans, supra, 215 U. S. at 178, 30 S. Ct. 40, 54 L. Ed. 144. The provisions in these bond ordinances prescribing the maximum tax rate must be con-

strued in connection with the provisions of the Code which require that sufficient taxes be levied to meet interest and sinking fund requirements; and, when these are construed together, there can be no doubt as to the validity of the tax levies in question.

Appellant has had copied in full in the record a number of lengthy documents, accounts, etc., the substance of which, in so far as they have any bearing upon the issues involved in the case, could have been stated in a few words. This increases the expense of litigation, adds to the labors of the court, and serves no useful purpose. It is an infraction of section 2 of our rule 10, upon the observance of which we must insist. That rule requires not merely the reduction of oral evidence to narrative form, but also condensation of the evidence and elimination of irrelevant matter. In as much as appellant has already paid the heavy cost of printing, we shall impose no penalty for this infraction of the rule, but hereafter such infraction will be penalized by requirement to condense and reprint or by taxation of costs, as may be proper.

As no error appears upon the record proper, and as the exceptions to the refusal to set aside the finding of the court below and to the judgment as entered present no question which we can review, either as to the sufficiency of the evidence to sustain the court's finding or as to rulings on questions of fact or law, the judgment appealed from will be affirmed.

Affirmed.