CHIEF JUSTICE SIMPSON
delivered the minion of the court:
The plaintiff alleged in her petition that at a meeting of the city council, on the 24th August, 1854, an ordinance was reported that Bullock street, from the west end of Third to Second street, and Second street, from Bullock street to the western corporation line, be graded, curbed, paved, and macadamized; and that no further action was had thereon, as appeared from the official journal of the proceedings of said council, and that the words “ passed unanimous ” were added by an order of the city council, made in 1856, when an entirely new board had come into office.
This allegation was not denied in the answer of the city, and must therefore, for the purposes of this action, be regarded as true. As the journal of the proceedings of the city council did not, as originally made out, show that the ordinance referred to had been passed, or voted upon by the members of the council, the first question that arises is, had a board, that subsequently came into office, the power, two years thereafter, to amend the entry upon the journal so as to make it appear, not only that the ordinance had been reported, but had been acted on and passed by an unanimous vote of the city council?
It is not necessary, in this case, to determine the extent .of the power of the same city council, at a subsequent meeting, to correct an error in the journal in relation to their proceedings at a previous meeting. Conceding the existence of such a power, it would not follow that a different council, whose only knowledge of the proceedings that actually occurred at a *298 previous meeting of the board would have to be derived from the information of other persons, could properly exercise such a power. The city council keep a journal of their proceedings. The entries in that journal furnish the evidence of their action in their official capacity. If changes and amendments can be made at a remote period, and by a different board, then all the entries become uncertain, and none can be relied upon, even by those who are acting under them. The evils resulting from such a practice would be innumerable. All confidence in the entries in the journal would be destroyed, and the action of the city council, at the meetings held by them, would be a matter open for controversy, which would have to be determined by an appeal to the uncertain recollection of witnesses. We conclude, therefore, that the amendment of the entry of the proceedings of the city council in August, 1854, was unauthorized
The next question to be decided is, can the city prove by extrinsic testimony that the ordinance referred to was voted upon and passed by the board, when the journal is silent upon the subject? We think it cannot. The mischief that would result would be the same, whether the record of the proceedings be amended by the city council itself, or the omissions of the record be supplied by evidence aliunde. The only difference is, that in one case the proceedings would be cxparte, and in the other an opportunity to cross-examine witnesses and to introduce opposing testimony would be furnished. But in both cases the entries in the journal would be equally uncertain and unreliable, and would fail to afford any evidence that could be depended upon of the actual proceedings of the city council at any of their meetings.
It has been repeatedly decided by this court, that an order entered on the corporation books should be presumed to be made in the mode prescribed by the charter, and that where unanimity was indispensable to the legal authority to make the order, it should be presumed to have been made by the unanimous vote of the city council, although that fact does not appear on the journal of their proceedings. This, however, is a mere presumption that what has been done at a meeting of the *299 city council has been done according to law. Here, however, the effort is to show, not that an order which was made was legally and properly made, but that an ordinance which, according to the entry, was merely reported, was, in fact, voted for and passed as an ordinance. No presumption of that kind can arise, because there is nothing upon which it can be predicated.
It is, however, contended that the subsequent proceedings of the same board show by the entries and orders in the journal of their proceedings, that the ordinance referred to was acted under, and a contract made under it for the performance of the work therein contemplated, and therefore a presumption arises that it had been passed by the board. The entries relied upon are vague and defective, and do not show with any degree of certainty that they were made in pursuance of the ordinance in question; but if they did, we do not think they would authorize such a presumption as would supply the defect in the journal, or legalize the action of the board, in having a street improved without having first made an order for that purpose.
It was the duty of the board of councilmen to have their proceedings entered on the corporation books. If any presumption is to be indulged, it is that this duty was performed, and that the entry was correctly made. The board should see that a correct and full entry is made upon the journal of all their proceedings, and not leave it to be done by a secretary who may be both unskillful and negligent in performing his duties. If they fail in this.respect, their negligence may result in injury to the corporation as well as to the inhabitants of the city.
Wherefore, the judgment is affirmed.