CASE 41—PETITION EQUITY—JULY 7.

# City of Lexington vs. Headley, &c.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. Section 10 of the charter of the city of Lexington requires that ordinances providing for the improvement of streets, at the cost of adjacent property owners, &c., *shall be passed with the unanimous consent of the mayor and councilmen in council.* The charter does not require that the *assent* should appear by a vote. According to section 60 of said charter, the mayor is not entitled to a vote on a proposition which receives the unanimous vote of the council.

*Held*—That such an ordinance, unanimously passed by the board of councilmen, the mayor presiding, purporting to be an ordinance passed by the mayor and councilmen, should be presumed to have been passed in the mode prescribed by the charter; and especially so, as there is nothing in the record contradicting this presumption. Ex-

trinsic proof of the consent of the mayor is not admissible. The record containing the ordinance was signed by the mayor.

2.  Where unanimity is indispensable to the legal authority to make an order on the books of a corporation, and such order *was* entered of record, it should be presumed to have been made with the unanimity required, although that fact does not appear in the record.

HUSTON & MULLIGAN and
BUCKNER & J. D. HUNT,                    For Appellants,
                    CITED—

9 *Dana*, 514; *City of Lexington vs. McQuillan's heirs.*
2 *B. Mon.*, 178; *City of Louisville vs. Hyatt.*
*Session Acts* 1867, 438.
1 *Met.*, 298; *City of Covington vs. Ludlow.*
*Lexington City Charter*, secs. 8, 60, 10, 324.
*Angell & Ames on Corporations*, sec. 284.

M. C. JOHNSON and
FRANK WATERS,                            For Appellees,
                    CITED—

1 *Met.*, 298; *City of Covington vs. Ludlow.*
*Charter City of Lexington*, sec. 10.
2 *B. Mon.*, 180; *City of Louisville vs. Hyatt, &c.*
13 *B. Mon.*, 459; *Kaye vs. Hall.*
*Printed Ordinances of City of Lexington, p.* 67, *art.* 324.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT, IN WHICH JUDGE PETERS DID NOT CONCUR:

On the 7th day of May, 1867, an ordinance was unanimously passed by the board of councilmen of the city of Lexington, the mayor presiding, providing for the grading and macadamizing of certain streets in said city, at the cost of the owners of property fronting thereon; and the mayor having, by authority of the ordinance, caused a large portion of said improvements to be made, the appellees, the owners of property on said streets, brought

this suit in equity against the city, seeking a judgment prohibiting it from subjecting their property to the payment of the cost of the improvements.

On a hearing of the cause, the court adjudged to the plaintiffs the prohibitory relief sought by them, and the city has appealed from that judgment to this court.

The decision of the circuit court appears to have been based on the assumption that said ordinance was invalid for want of sufficient evidence that it was passed with the "*unanimous consent*" of the mayor and councilmen in council, which was required by the 10th section of the charter of the city. And it is now insisted for the appellees, in support of the judgment, that although the ordinance purports to have been passed "by the mayor and board of councilmen," and the record containing it to have been signed by the mayor, yet as it does not appear from the record, by express recital, or the vote of that officer, that he did, at the time, *consent* to the ordinance, it was invalid for want of conformity to said requirement of the 10th section of the charter of the city.

A majority of this court, Judge PETERS dissenting, is of a different opinion. If it be conceded, as contended for the appellees, that the circuit court properly disregarded the extrinsic parol evidence of the fact that said measure, at the time, and before, and after the passage of the ordinance, was approved by the mayor, still, as the charter required the consent of the mayor as requisite to the passage of the ordinance, and it purports to have been passed by the mayor and councilmen, it should be presumed to have been so passed in the mode prescribed by the charter; and especially so, as there is nothing in the record counteracting this presumption. This principle of construction is expressly recognized

in the case of the *City of Covington vs. Ludlow*, 1 *Metcalfe*, 295. And although it was held in that case, and, as we think, in accordance with principle and authority, that, in the absence of any record evidence of the passage of an ordinance it was not competent to establish its enactment by extrinsic testimony, the doctrine is therein conceded, that where unanimity is indispensable to the legal authority to make an order on the books of a corporation, and such order *was* entered of record, it should be presumed to have been made with the unanimity required, although that fact does not appear in the record.

In this case, the failure of the mayor to record his vote in favor of the passage of the ordinance, raises no presumption against its validity; for, according to section 60 of the charter, he was not entitled to a vote on a proposition which received the unanimous vote of the council. And as the charter did not require that the assent of the mayor or council should appear by a vote by ayes and noes, this opinion does not conflict with other decisions of this court in relation to charters so requiring the vote to appear.

It seems to the majority of this court, Judge PETERS dissenting, that the circuit court erred in granting to the plaintiffs any relief on their petition.

Wherefore, the judgment is reversed, and the cause remanded, with directions to dismiss the petition at the costs of the plaintiffs.

---

JUDGE PETERS DELIVERED THE FOLLOWING AS HIS DISSENTING OPINION:

Not being able to concur with a majority of the court in this case, I feel constrained to submit my views by way of a dissenting opinion.

The tenth section of the act incorporating the city of
Lexington contains the following provision: "That the
mayor and councilmen, by their *unanimous consent in
council*, may cause any street or alley, in any square
in said city, to be paved or turnpiked, at the cost and
expense of the owners of lots or parts of lots fronting
such street or alley, without any petition or consent;
and when the paving or turnpiking shall be completed,
they shall apportion the cost and expenses equally on
the lot-holders, and a lien is hereby given," &c.

Certain streets having been graded and macadamized
fronting which appellees owned lots, and the city au-
thorities being about to coerce payment from said lot-
owners for said improvements, they filed their petition
in the court below to enjoin the city from so proceed-
ing; and, on final hearing, that court having granted
the relief sought, the city has appealed, and insists that
said improvements were made under and by virtue of an
ordinance, passed by the mayor and councilmen, in con-
formity in all respects to that part of section 10 of its
charter herein quoted.

The city, however, does not contend that the journal
or proceedings of the board of mayor and councilmen
show that said ordinance was passed by *the unanimous*
vote of said mayor and councilmen; but it is contended
that their unanimous consent for the passage of said
ordinance was given, and that extrinsic evidence is
competent and admissible to prove such unanimous
consent.

Section 8 of the act of incorporation provides that
the mayor and councilmen shall, when qualified, form
a board.  At all the meetings the mayor, if present,
shall preside; and said board shall choose a clerk,

whose duty it shall be to keep a journal of the proceedings of said board, &c.

On the 7th of May, 1867, said board met; and after ordering certain streets enumerated, to be graded, &c., concludes the ordinance as follows:

"This ordinance to take effect from its passage.

"On motion, the second and third readings of the above ordinance were dispensed with, and the ordinance passed by the following vote, viz: Yeas—Messrs. Beard, Graves, Laudaman, Selly, Mooney, Morgan, Mulligan, Price, Robinson, Thompson, Woodruff, and Young; nays, ——.

"And then the council adjourned.

"J. T. FRAZIER, *Mayor*."

It was not necessary that the councilmen and mayor should have manifested their consent by a vote; but in order to the validity of the ordinance to charge the lot-owners, they must have expressed their *unanimous consent*, and that must have been done *in council*. The precise mode of doing it, is not pointed out in the charter.

It would have been sufficient, perhaps, if the journal had merely stated that the ordinance was passed by the unanimous consent of the mayor and councilmen. But the record of the proceedings quoted shows the individuals by whose consent the ordinance was passed, and excludes the conclusion that the mayor ever did consent to it. Consequently, if evidence *aliunde* is introduced to prove that he did consent to its passage, that evidence necessarily contradicts the recorded proceedings of the board.

If that can be done, then, as was said by this court in *The City of Covington vs. Ludlow*, 1 *Met.*, 295, "The recorded action of the board would be wholly unreliable

and uncertain, and would fail to afford any evidence that could be depended upon, of the actual proceedings of the city council at any of their meetings."

But if parol evidence were admissible to prove that the mayor consented to the passage of the ordinance, that offered in this case is insufficient. It does not show that his consent was officially given, or that he gave it "*in council*," as is required by the *charter*. The utmost that the evidence does show is, that he expressed himself in favor of the ordinance in conversations on the subject " before and after, and on the night of the passage of the ordinance." This is the evidence of the mayor himself; but he does not prove that he did, while the board was in session, vote for, or otherwise give his consent to, its passage.

I conclude, therefore, that the ordinance was not passed in the manner prescribed by the charter, and the judgment should be affirmed.