CITY OF LEXINGTON *v.* J. H. BAKER, ET AL.

J. H. BAKER, ET AL., *v.* KENTUCKY UNIVERSITY, ET AL.

**Cities—Improvement of Streets—Ordinances—Contracts.**

The city council has the power to improve the streets, imposing the burden equally upon all the citizens, and make contracts by its authorized agents, and although there may be a departure from the specifications contained in the ordinance, having accepted and approved the work, it must pay for it by making it a burden upon all.

**Ordinance—Contracts.**

Where an ordinance provides for the improvement of a street and for the payment therefor by the property holders whose property borders on such street, before the property-owners can be made to pay for such work it must be shown that the contract and specifications are in accordance with the provisions of the ordinance, and be approved by the council and not be left to the discretion of the engineer alone.

## APPEAL FROM FAYETTE CIRCUIT COURT.

### January 20, 1875.

OPINION BY JUDGE PRYOR:

On the 7th of May, 1867, the city council of Lexington passed an ordinance directing certain streets of that city to be graded and macadamized at the cost of the owners of the lots or parts of lots · fronting on said streets. Sec. 3 of the ordinance provides that the city engineer shall proceed "to make a survey of said streets, or parts of streets, establish the proper grades, and furnish the mayor with proper specifications for the work." By Sec. 6 of this ordinance, the report of the committee on improvements was adopted, requiring the streets to be macadamized from curb to curb, designating the manner in which it was to be done, as well as the size and depth of stone, each street to be macadamized from "curb to curb, with six inches of small sledged, and six inches of cracked rock, making twelve inches in the center of the street, and to gradually slope to four inches at either curb."

On the 4th of July, 1867, the council ordered that the details of the improvements, such as width of streets, gutters, etc., be left with the committee on improvements and repairs, and the city engineer. It is to be inferred from the record that these streets directed to be improved were at the time the recognized streets of the city, and the direction to ascertain the width of the streets was for the reason that it must necessarily constitute a part of the details of the contract. The mode, specifications and character of the macadamizing was prescribed by the council in adopting the report of the committee on improvements, and made part of the ordinance.

A contract was made by the city with the appellee, Baker, and the improvements made and accepted by the council. It is now insisted that as there was no mode or specifications adopted by the council and prescribed in the ordinance for the grading of these streets, that body had no power to delegate this right to the engineer. It does not appear from any ordinance or resolution adopted by the council that the character or kind of grade had been ascertained; but the whole legislation on this subject was confined to the engineer and the committee on improvements. These agents of the council were authorized, in effect, to make at their discretion such improvements, by way of grading these streets, as in their judgment best promoted the interest of the city and property holders. There is no material distinction between the present case, so far

as the question as to the grading of these streets is made, and that of *Hydes & Goose, Assignees, v. Joyes,* 4 Bush 464, and the principle recognized in that case must be applied to the one under consideration. The city council alone, by the 11th section of the charter, had the power to have the streets graded preparatory to macadamizing, and are to determine the necessity for such an improvement, as well as its kind and character. Whether the improvement is to be directed by ordinance or resolution, or by the unanimous vote of the council or a bare majority, can make no difference. The same reason applies for the recognition of the contract in the one case as the other; the power being vested in the council alone cannot be delegated to others.

If the report of the engineer in fixing the grade, is injurious to the property holder, and is required to be acted on by the council before the work is undertaken, those of the citizens compelled to pay for the improvements have an opportunity of making known their objections and defeating the passage of the ordinance. On the other hand, if it be conceded that their power can be delegated, the engineer acting as the agent of the council may create any expenditure in making the improvement, however onerous on the taxpayer, and there is no escape from its payment. "The amount of improvement, as well as its kind and character, must be ascertained before it is done."

It is maintained, however, that the lot owners are liable for the cost of macadamizing, for the reason that the report of the committee on improvements contained all the necessary specifications for this work, and was adopted by the council and made part of the ordinance. The objection made as to the manner in which the ordinance was passed constitutes no defense. The mayor is the presiding officer of the council, and the record shows that every member of that body, except the mayor, voted for its passage, and the latter recognized its validity by signing the minutes of the proceedings adopted it, and in announcing, as he must have done, that the ordinance had passed, thus giving not only his implied, but express assent to the action of the council in passing it, and is as effectual as if it appeared from the record that his vote had been cast. *City of Lexington v. Headley, et al.,* 5 Bush 508.

If the contract made by the mayor is in pursuance of the ordinance, containing such specifications as are therein prescribed, there is no reason why the lot owners should not be required to pay. The contract made with the appellee requires the mettle to be twelve

inches in center, eight inches at edge, and ten inches half way between center and edge, three feet next curb to be paved with stone set on end eight inches deep. The ordinance required the stone to be twelve inches in center, and to slope to four inches at either curb. The difference between the ordinance and contract is, that by the ordinance, the depth of stone is to be four inches at either curb, and by the contract eight inches, and in addition, three feet next to curb to be paved with stone eight inches deep, and ten inches of stone half way between the center of the street and its edge. The work, as required by the specifications of the contract, would necessarily increase the cost of the improvement and thereby impose a tax upon the lot owners, not by reason of the ordinance, but by reason of a contract made by the mayor. A slight variance between the ordinance and contract might not constitute any defense to an action against the lot owner, as some of the details incidental to its execution could not necessarily be anticipated, but when the change is such as to increase materially the burden upon the lot owners, as in this case, it comes within the rule established in the case of *Hyde & Goose, Assignee, v. Joyes,* and no recovery can be had in this action against the lot owners. There is no proof in the record showing the difference in the cost between the work specified in the ordinance and that in the contract; but it may be legitimately inferred that it would add to the expenditure not less than twenty per cent. The city council, having the power to improve the streets, imposing the burden equally upon all the citizens, making a contract by its authorized agent, although there may be a departure from the specifications contained in the ordinance, and having accepted and approved the work, must pay for it by making it a common burden upon all.

The judgment of the court below is *affirmed* on both appeals. *The City of Lexington v. Baker, et al.,* and *Baker, et al., v. Kentucky University, et al.*

*M. C. Johnson, T. K. Hunt, for appellant.*
*Waters, John B. Huston, Breckenridge, Buckner, for appellees.*