# CHARLESTON

HARROLD v. CITY OF HUNTINGTON.

Submitted June 9, 1914.    Decided June 23, 1914.

1. MUNICIPAL CORPORATION—*Street Improvements—Creating a Debt.*
    Contracting for street improvement to be paid for out of a city's current revenues is not creating a debt within the meaning of Sec. 8, Art. X, of the Constitution.  (p. 539).

2. SAME—*Improvements—Provision for Payment.*
    It will not be presumed, because a city has not the fund in its treasury with which to pay for the work at the time it contracts for it, that it has not made ample provision for payment out of the current levy.  (p. 539).

3. SAME—*Contracts—Validity—Presumption.*
    The courts will indulge every reasonable presumption in favor of the validity of a city's contract, appearing on its face to be reasonable and within the general scope of the city's charter powers.  (p. 540).

4. SAME—*Contracts—Resolutions.*
    A resolution passed by a city council awarding a contract for street improvement will be presumed to have received the necessary two-thirds majority vote of councilmen present at the meeting, when the minute contains no record of the vote.  (p. 540).

5. SAME—*Contracts—Validity.*
    A contract for street improvement need not be in writing and signed on behalf of the city in order to be binding.  (p. 542).

6. TRIAL—*Opening Case—Reception of Omitted Evidence.*
    A trial court has discretion to re-open a case at the request of either party, after it has been closed and before it has gone to the jury, and admit evidence to prove an omitted fact.  (p. 542).

(LYNCH, JUDGE, absent).

Error to Circuit Court, Cabell County.

Action by George W. Harrold against the City of Huntington. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Simms, Enslow, Fitzpatrick & Baker* and *Marcum & Shepherd,* for plaintiff in error.

*Wyatt & Graham,* for defendant in error.

WILLIAMS, JUDGE:

Plaintiff recovered a judgment in the circuit court of Cabell county against the City of Huntington on the 30th November, 1907, for $266.74, balance claimed by him to be due on a contract for the laying of sewer pipe, and defendant was awarded this writ of error.

The suit is for the price of laying 46 feet of twenty-four inch sewer pipe, at $2.09 a foot, and building three manholes at $20 each. Plaintiff had laid 1800 feet of sewer pipe under the same contract, which was paid for, but the city is resisting payment for the 46 feet and the three man-holes, on the ground that the work was not done in a workmanlike manner and according to specifications.

The case was tried by a jury, and a number of exceptions were taken to the rulings of the court. The first point made in brief of counsel is, that the city had no right to undertake the improvement at that time, because its street fund was overdrawn and it is forbidden, by Sec. 8, Art. 10 of the Constitution, to create a debt without a vote of the people. The fact that the funds in the city's treasury were overdrawn is not alone sufficient to prove that it was creating a debt, within the meaning of the constitutional provision, by contracting for the improvement. In the absence of evidence to the contrary it must be presumed that the city had made provision for the improvement out of the current revenues, that it had made the necessary levy to meet the city's portion of the expense which was the one-third. The other two-thirds, by virtue of its charter and an ordinance passed pursuant thereto, was to be assessed as a special tax on the lots abutting on either side of the street in which the sewer was

laid,. provided such special tax should not exceed fifty cents per front foot on any lot. This special assessment, of course, had to be made after the work was undertaken, and, as to that part of the cost, it was not in any sense the city's debt, the lot owners being alone liable for it. Providing for the cost of street improvement out of current revenues, is not creating a debt within the meaning of the Constitution, prohibiting counties, cities, school districts and municipal corporations from creating a debt. *Davis* v. *Clay County Court, 38* W. Va. 104; *Clay Co.* v. *New Martinsville, 67* W. Va. 525. In the absence of evidence to show that the city had not, by ordinance, made ample provision in its levy to pay for the work contracted for, it must be presumed that it did so provide, and that it proceeded lawfully in undertaking the improvement in question. *Armstrong* v. *Taylor County Court,* 41 W. Va. 602; *Hanley* v. *County Court,* 50 W. Va. 439.

It is urged that the contract is not binding on the city because it does not appear that it was awarded to plaintiff by a two-thirds majority vote of the councilmen present at the meeting. Section 42 of the city charter, (Ch. 150, Acts 1901), reads as follows: "No money shall be appropriated by the council, and no contract on behalf of said city shall be entered into or authorized, nor shall any ordinance be passed unless two-thirds of the members present when the question is put concur therein; or unless the same be concurred in at two successive regular meetings of the council, held at different dates, by a majority of the members present at each meeting." The city, by regular ordinance, had authorized the construction of lateral sewers in many of the avenues, streets and alleys of the city, either by itself under the direction of the proper officers of the city or. upon the lowest and best terms after advertising for bids, and provided that payment of two-thirds of the cost should be made by means of special assessments to be levied upon the lots abutting upon either side of the street or alley, provided it did not exceed fifty cents per lineal foot of lot. That ordinance embraced the streets in which the sewer in question was laid. A resolution adopted by the city council on January 18, 1906, reads as follows: "On motion of Mr. Coon,

seconded by Mr. Hatcher, the contract of the twenty-four inch lateral sewer, in the alley between 5th and 6th avenues, between 20th and 25th streets, be awarded to George W. Harrold, at $2.09 per foot, and man-holes at $20.00 each, under the Lateral Sewer Act.'' It is insisted that, because the minute does not show that the resolution was concurred in by two-thirds of the members of the council then present, it is, therefore, void. The contract seems to be fair and reasonable on its face and is the character of contract that the city has power to make, and the invariable rule of the courts, in such cases, is to indulge every legal presumption in favor of their validity. 28 Cyc. 675. It will not be presumed, in the absence of evidence to the contrary, that the necessary two-thirds majority vote of the councilmen present was wanting. Notwithstanding the charter provision may be mandatory, the presumption is that the council complied with it. *Marklove* v. *Utica &c. R. Co.*, 96 N. Y. Sup. 795. ''Where a corporation seeks to avoid its contract on the ground of its want of power to contract, where the contract is not upon its face necessarily beyond the scope of its authority, it will, in the absence of proof, be presumed to be valid, and it is held that the corporation must make good its defense of *ultra vires* by plea and proof.'' *Brown* v. *Pomona Bd. of Education*, 103 Cal. 531, 37 Pac. 503.

''Where unanimity is indispensable to the legal authority to make an order on the books of a corporation, and such order was entered of record, it should be presumed to have been made with the unanimity required, although that fact does not appear in the record.'' *City of Lexington* v. *Headley, &c.*, 68 Ky. 508.

''Where a motion to dispense with the second and third readings of an ordinance was adopted by a town council, at a meeting at which six out of the seven members were present, but the record failed to show the vote upon such motion, the presumption was held to be that it received the requisite three-fourths vote of all the members, and the ordinance, which was passed by the unanimous vote of the members present, was held valid.'' *The State* v. *Vail*, 53 Iowa 550. See also *Town of Eldora* v. *Burlingame*, 62 Iowa 32; *Downing* v.

*City of Miltonvale,* 36 Kan. 740; *City of Rome* v. *Whitestown Water Works Co.,* 100 N. Y. Sup. 357, affirmed in 187 N. Y. 542.

A written contract was prepared, but was never in fact signed by plaintiff or by any one for the city. That it was not signed is immaterial. Plaintiff swears he did the work under the contract and according to the specifications furnished him, and that the city engineer and his assistant were frequently present and inspected the work. The city can not repudiate the contract because it was not signed. Why it was not signed does not appear, presumably it was simply neglected. A written contract was not necessary to bind the city. *City of Charleston* v. *Littlepage, Judge,* 73 W. Va. 156, 80 S. E. 131. Plaintiff bid for the work, and the city's acceptance of the bid by awarding the contract to him was a meeting of minds, and constitutes a binding contract. We are not cited to any provision in the city's charter which requires such contracts to be in writing and signed. Moreover the city is estopped by its conduct to deny the contract. 28 Cyc. 674.

The city sought to recoup damages because of the alleged imperfection of the work. It claims that the sewer was not laid on the grade established by the engineer, and that it does not carry off the water. The testimony on this point is conflicting, and the matter is one of fact for jury determination. There is no established fact that shows that the verdict is against the evidence. The fact depended wholly upon conflicting oral testimony, and we have no right to disturb the verdict.

Counsel for defendant in error insist that unliquidated damages can not be matter of set off. This is true. *Case M'f'g. Co.* v. *Sweeney,* 47 W. Va. 638; *Clark's C. Guano Co.* v. *Appling,* 33 W. Va. 740. But defendant's plea can very properly be treated as notice of recoupment, for it sets up a claim to damages on account of defective work.

Complaint is made because the court permitted plaintiff to introduce a witness to prove an omitted fact after the trial of the case had been closed and instructions had been passed up to the court. This was a matter within the sound dis-

cretion of the trial court. We cannot see that the Court abused its discretion; in fact we think the court's action was proper. *Clarke* v. *Ohio R. R. Co.*, 39 W. Va. 732, (Syl. pt. 9); *McManus* v. *Mason*, 43 W. Va. 196.

The judgment is affirmed.

*Affirmed.*