JUAN TOMASINI, Plaintiff and Appellant, *v.* MUNICIPALITY OF PONCE, Defendant and Appellee.

No. 6629. Argued April 1, 1936.—Decided December 22, 1936.

*Felipe Colón Díaz* for appellant. *Erasto Arjona Siaca* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Tomasini brought this action to recover $2,625.46 alleged to be the value of certain work performed by the order of the Mayor and the Commissioner of Municipal Public Works in the Municipality of Ponce. He alleged that the work, when completed, had been delivered to the municipality, had been accepted by it and had been in use since December, 1926. He also alleged that the Municipal Assembly in January 1929 adopted a resolution whereby it accepted the work, acknowledged its indebtedness in the sum of $2,625.46 with interest thereon at the rate of 7 per cent and ordered that the same be included in the budget of 1929–30. The appropriation contemplated by this resolution was not made in the budget for 1929–30 nor in any other budget.

The Municipality denied the validity of any order given by the Mayor and the Commissioner of Municipal Public Works concerning the work alleged to have been done by plaintiff and alleged that any order that the Mayor and the Commissioner of Municipal Public Works might have given for the performance of such work was beyond their power and authority and in violation of the law and that in the giving of such order they did not act as the agents of the municipality and were not empowered so to act. The municipality denied the existence of any contract, denied the existence of any obligation to pay for the said work by virtue

of the alleged acceptance thereof, denied the validity of the resolution whereby the municipality was alleged to have accepted the said work, to have acknowledged its indebtedness therefor and to have ordered the inclusion of an appropriation for the amount thereof in the budget of 1929–30. The municipality alleged that the resolution in question was *ultra vires* and void. In addition to these denials and averments the municipality set up several special defenses.

The case was submitted to the district court on a stipulation which is set forth in a "bill of exceptions and statement of the case" as follows:

"The defendant admits that the plaintiff performed the work, which was alleged in the complaint to have been performed, and which is specified as a fact in said complaint; that said plaintiff received orders to perform the work from the Mayor and from the Commissioner of Public Works, as is also alleged in the complaint; that he has not been paid the value of the work performed, as prayed for in the complaint, nor the interest; that there has been a demand for payment and that there has been no payment; and that the defendant municipality has received the work and has received benefits and is still receiving benefits from it, to the benefit of the public.

"The defendant alleges:

"That the Mayor gave an order which he had no authority to give because there were no funds appropriated in the ordinary budget for such work; and that said order, given by the Mayor and endorsed by the Commissioner of Public Works, was given in excess of authority; that the said order and its approval by resolution number 7, are absolutely void and ineffective and have no value and effect and that the payment for the services performed under said order has not been approved by the municipality of Ponce because there was no previous order, as required by the Regulations dealing with municipal accounting; because this is not a case of *"fuerza mayor"*, emergency or urgent necessity in which case the previous orders would not have been required; because, even admitting *"fuerza mayor"*, emergency or urgent necessity, at the time in which the order for the work (that is, the alleged nominal order of the mayor) was given (that is, in November or December 1929) there was no available credit provided in the budget for said work, and it should

be understood that said work was performed under the personal responsibility of the mayor at that time, Mr. Guillermo Vivas Valdivieso, because in the fiscal year of 1926–27, in which the work was done, neither the Administrative Board nor the Municipal Assembly transferred to the corresponding account any credit sufficient to cover it; and furthermore because the Municipal Assembly, when it approved at its session of January 12th, 1929, the resolution which we admit was approved, it was not authorized to accept work which had not been legally contracted for by the municipality, and it also lacked authority so include that credit in the budget of 1929–30, all those orders being *ultra vires* and void."

The only assignment is that the district court erred in dismissing the complaint. Perhaps it would suffice to say that this assignment is too general to require further examination of appellant's brief, but we shall not dispose of the case on that ground alone.

 Section 9 of the Municipal Law of 1925 (Laws of that year, p. 688) confers upon municipalities "full legislative and administrative powers in all matters of a purely local nature and connected with public works" but expressly provides "that such powers shall be exercised subject to such laws of Puerto Rico and of the United States and such ordinances of the Public Service Commission, as may be in force, and that no ordinance or resolution shall be passed or action taken which in any way conflicts with any of said laws". The powers and duties of the mayor are set forth in detail in Section 29. Section 10 reads in part as follows: (Italics ours)

"The powers hereby conferred on municipalities shall be exercised by them *subject to the following special limitations:*

"(1) All public works shall be performed and all supplies and materials shall be acquired on public call for bids when the value or cost thereof exceeds six hundred dollars ($600) in municipalities of the first class. . . . "

The public call for bids here required is not a mere formality nor a mere mode of procedure. It is a constitutional limitation upon the power of the municipality to contract for

the performance of any public work the value of which exceeds $600. Assuming for the sake of argument only that the mayor might act as the agent of the municipality in a matter of this kind, the so called contract would have been *ultra vires* and void for the want of a public call for bids. The municipal assembly could not ratify such a contract. No implied liability for benefits received could arise out of such a contract. See Subdivision III of the note to *Johnson County Savings Bank* v. *City of Creston*, 84 A.L.R. 926, 954.

Section 26 of the Municipal Law of 1925 provides:
"That among the powers of the municipal assembly there shall be especially the following subject to all other provisions of this Act:
"(1) . . . . . . . . .
"(2) To sell, exchange, encumber or lease municipal real prop-erty and to construct theatres and public buildings, plazas, parks and streets."

Section 33 says that:

The director of public works shall direct and manage all works of a municipal character, and shall have charge of all municipal buildings, properties and lands, and shall fulfill all the requirements and perform all the duties and obligations imposed upon him by municipal ordinances, the laws of the Island and the Organic Act."

For the purposes of this opinion it may be conceded that the Mayor of the Municipal Director of Public Works might have advertised for bids and acted as a Board of Award under a resolution of the municipal assembly authorizing such action. Without some action by the municipal assembly, the Mayor and the Municipal Director of Public Works were not authorized to issue a public call for bids and, in the absence of any such authority, we are not prepared to indulge any presumption to the effect that they did issue a public call for bids. If the complaint does not negative the idea that the Mayor and the Municipal Director of Public Works might have issued a public call for bids, it does negative the idea that the municipality might have issued such a

call or might have authorized the Mayor and the Municipal Director of Public Works to issue such a call because it alleges that the municipal assembly several years later attempted to ratify the action taken by the Mayor and the Municipal Director of Public Works by an acceptance of the work and an acknowledgment of its indebtedness. If the municipal assembly had issued a call for bids or had authorized the issuance of such a call and if the contract had been awarded to Tomasini as the successful bidder there would have been no need of ratification and no need of any averment as to such ratification.

In *Serra* v. *Municipality of Ponce,* 47 P.R.R. 136 this Court quoted from 44 C. J. 121, Sec. 2224 as follows:

"The general rule is that every legal presumption will be indulged to support the validity of a municipal contract; and the defense of ultra vires must be made good by plea and proof, the burden of proof being upon the party raising it. Even where statutory or charter provisions are mandatory, the presumption is that the authorities in making the contract complied with them."

The text presupposes an alleged contract with the municipality. The presumption referred to is indulged to support the validity of a *municipal contract.* It does not mean that a municipality, if sued upon a contract alleged to have been entered into with the mayor and a municipal director of public works and to have been ratified several years later by an ordinance of the municipal assembly, may not demur for the want of facts sufficient to constitute a cause of action because it appears from the face of the complaint (when read in the light of a statute which defines and limits the powers of the mayor, of the director of public works, of the municipal assembly and of the municipality itself) that the alleged contract was *ultra vires* and void *ab initio* and not susceptible or ratification by the municipal assembly. The complaint must allege facts on which liability may be predicated. See 44 C. J. 1479, Sec. 4698 and cases cited in note 33.

In the Serra case plaintiff alleged a contract with the municipality, not with the mayor and director of public works. A demurrer to the complaint had been overruled. The contracts itself, a written document, had been introduced in evidence. The municipality had denied the essential averments of the complaint and had alleged that the contract, if any, was *ultra vires* but had later admitted that plaintiff, if he took the stand would testify to the facts set forth in the complaint and had demanded a judgment on the pleadings. The judgment of the district court was affirmed because defendant had not introduced any evidence in support of the affirmative averments in the answer to show that the contract was in fact *ultra vires*.

The only case cited by Corpus Juris in support of the final statement of the extract *supra* is *Harrold* v. *City of Huntington*, 82 S. E. 476. From the opinion we take the following extract:

"It is insisted that, because the minutes do not show that the resolution was concurred in by two-thirds of the members of the council then present, it is therefore void. The contract seems to be fair and reasonable on its face and is the character of contract that the city has power to make, and the invariable rule of the courts, in such cases, is to indulge every legal presumption in favor of their validity. 28 Cyc. 675. It will not be presumed, in the absence of evidence to the contrary, that the necessary two-thirds majority vote of the councilmen present was wanting. Notwithstanding the charter provision may be mandatory, the presumption is that the council complied with it. *Marklove* v. *Utica, etc., R. Co.*, 48 Misc. Rep. 258, 96 N. Y. Supp. 795."

In the instant case, as we have shown, plaintiff did not allege that the order of the *alcalde* and of the director of public works was given by them as agents of the municipal assembly or of the municipality or that the order was given by the municipal assembly or by the municipality through any authorized agent. On the contrary, as we have also shown, neither the mayor nor the director of public works had any power to represent the municipality unless author-

ized by the municipal assembly, and the theory of the complaint was that of an unauthorized act subsequently ratified by the municipal assembly. Unless we are to assume that the original unauthorized act was preceded by a public call for bids which the mayor and the director of public works had no power to issue without previous action by the municipal assembly, then (again to repeat) the municipal assembly had no more power to ratify the *ultra vires* act of the Mayor and of the Municipal Director of Public Works than the Mayor and the Municipal Director of Public Works had to act in the first place without authority from the Municipal Assembly. In none of the cases cited by appellant has any court gone as far as we are now asked to go in the indulgence of the presumption as to the validity of *ultra vires* acts or contracts.

█ Appellant, in the course of his argument, has also insisted that the district court erred in dismissing the action for reasons not relied on by defendant nor discussed by the parties in their briefs. Perhaps it would have been better practice for the district judge to have given the parties an opportunity to be heard on the question he raised but we are not prepared to say that he was bound to consider only the grounds relied upon by the municipality in its special defense or that his dismissal of the action for failure to state in the complaint or to establish at the trial facts sufficient to constitute a cause of action against the municipality was reversible error. Plaintiff might have moved for a rehearing on the question actually decided by the district court or at least he might have requested a modification of the judgment so as to permit an amendment of the complaint, if the alleged contract had in fact been preceded by a public call for bids and awarded to plaintiff as the successful bidder.

The error, if any, in disposing of the case on grounds not raised by any of defendant's special defenses is not shown to have been prejudicial.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.