# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2022 Term**

**FILED**

**March 21, 2021**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

**No. 21-0007**

_____

**CONTEMPORARY GALLERIES OF WEST VIRGINIA, INC.,**
**Defendant Below, Petitioner,**

**V.**

**RIGGS COMMERCIAL REALTY, LLC,**
**Plaintiff Below, Respondent.**

_____

**Appeal from the Circuit Court of Kanawha County**
**The Honorable Carrie Webster, Judge**
**Civil Action No. 18-C-287**

**AFFIRMED**
_____

**Submitted: February 9, 2022**
**Filed: March 21, 2022**

William V. DePaulo                          Mark W. Kelley
Lewisburg, West Virginia               John J. Brewster
Attorney for the Petitioner            Ray, Winton & Kelley, PLLC
                                       Charleston, West Virginia
                                       Attorneys for the Respondent

JUSTICE MOATS delivered the Opinion of the Court.

JUSTICE ALAN D. MOATS, sitting by temporary assignment.

i

**SYLLABUS BY THE COURT**

1. "It is within the sound discretion of the court in the furtherance of the interests of justice to permit either party, after it has rested, to reopen the case for the purpose of offering further evidence and unless that discretion is abused the action of the court will not be disturbed." Syllabus point 4, *State v. Fischer*, 158 W. Va. 72, 211 S.E.2d 666 (1974).

**Moats, Justice:**

Petitioner Contemporary Galleries of West Virginia, Inc. ("Contemporary Galleries") appeals the December 8, 2020 order of the Circuit Court of Kanawha County denying Contemporary Galleries' motion for a new trial. In its order, the circuit court reaffirmed its evidentiary rulings and its prior denial of Contemporary Galleries' motions for judgment as a matter of law. On appeal, Contemporary Galleries argues that the circuit court erred when it denied the motions for judgment as a matter of law,[1] and generally committed evidentiary error when it reopened Respondent Riggs Commercial Realty,

---

[1] Throughout the underlying trial, and in both parties' briefs, two of the motions below are repeatedly referred to as "motions for directed verdict." However, in 1998, Rule 50 of the West Virginia Rules of Civil Procedure was amended, and the term "directed verdict" was replaced with the term "judgment as a matter of law." Yet, despite the change in terminology, this Court has explained that "[t]he amendment did not, however, affect either the standard by which a trial court reviews motions under the rule or the standard by which an appellate court reviews a trial court's ruling." *McCloud v. Salt Rock Water Pub. Serv.*, 207 W. Va. 453, 457 n.1, 533 S.E.2d 679, 683 n.1 (internal citations omitted).

> The proper procedural designation for the . . . motion is one for judgment as a matter of law. Because ""[w]e are not bound by the label[s] employed below, and will treat [matters] made pursuant to" the most appropriate rule.'" *Shaffer v. Charleston Area Med. Ctr.*, 199 W. Va. 428, 433, 485 S.E.2d 12, 17 (1997) (quoting *Kopelman & Assoc., L.C. v. Collins*, 196 W. Va. 489, 494 n. 6, 473 S.E.2d 910, 915 n. 6 (1996) (additional citation omitted)). Therefore, we will treat the order before us for review as one [addressing] a motion for judgment as a matter of law.

*Waddy v. Riggleman*, 216 W. Va. 250, 255, 606 S.E.2d 222, 227 (2004). As such, since the proper terminology is "judgment as a matter of law," we will refer to the motions in the case sub judice as "motions for judgment as a matter of law."

1

LLC's ("Riggs") case in chief to admit further evidence. Having considered the briefs submitted on appeal, the appendix record, the parties' oral arguments, and the applicable legal authority, we find that the circuit court did not err. Accordingly, we affirm the rulings of the circuit court.

## I.

## FACTUAL AND PROCEDURAL HISTORY

In March of 2018, Riggs filed a complaint against Contemporary Galleries seeking to recover brokerage fees. According to the complaint, Riggs, a real estate brokerage firm, secured a purchaser for one of Contemporary Galleries' buildings in Charleston, and a tenant for another building in Kanawha City. After the sale and lease, Contemporary Galleries refused to pay the brokerage commission, and denied any obligation, contractual or otherwise, to pay any brokerage fees to Riggs.[2] Riggs alleged

---

[2] In the complaint, Riggs alleges the parties "entered into a contract . . .whereby [Riggs] would find a tenant for [Contemporary Galleries'] commercial real estate at 3808 MacCorkle Avenue S.E. and as compensation for its services, [Riggs] would be paid a commission." Likewise, Riggs alleges that the two parties "entered into a contract . . .whereby [Riggs] would list, broker, and attempt to sell [Contemporary Galleries'] commercial real estate at 1210 Smith Street and as compensation for its services, [Riggs] would be paid a commission." Riggs further contends in its complaint that Riggs "fulfilled and completed all of the terms and conditions of the contract" by securing both a tenant and a purchaser for Contemporary Galleries' properties.

There is no dispute that a sale and a lease occurred, however, there is a dispute about *who* brought about the sale and/or lease. Because Contemporary Galleries denies that Riggs brought about the sale and lease, it claims it felt no obligation to pay any brokerage fees to Riggs. As such, Riggs filed the instant lawsuit seeking to recover said

breach of contract—with regard to the property for sale and property for rent—and sought fees for the sale and lease transactions. In its answer and counterclaim, Contemporary Galleries denied that the parties entered into any contract, denied that Riggs brought about the sale or lease of either property, and denied that Riggs was entitled to any relief under the theory of promissory estoppel.

The parties conducted discovery and ultimately proceeded to a jury trial. At trial, Angela Rae Moore ("Ms. Moore"), the sole member of Riggs, testified that she was an attorney and a real estate broker. After Riggs rested its case in chief, Contemporary Galleries moved for judgment as a matter of law in light of the requirements of West Virginia Code § 30-40-25 (eff. 2002). West Virginia Code § 30-40-25 provides, in full:

> No person may bring or maintain any action in any court of this state for the recovery of compensation for the performance of any act or service for which a broker's license is required, without alleging and proving that he or she was the holder of a valid broker's license at all times during the performance or rendering of any act or service: Provided, That an associate broker or salesperson shall have the right to institute suit in his or her own name for the recovery of compensation from his or her employing broker for acts or services performed while in the employ of said employing broker.

---

fees. While the above-mentioned information comprises the underlying facts of the litigation, they are not relevant to the resolution of the limited issues before this Court.

In citing this statute, Contemporary Galleries argued that, despite Ms. Moore's testimony that she was a real estate broker, Riggs did not "allege and prove" that it, through its employee, Ms. Moore, held a valid broker's license at all times Riggs rendered services to Contemporary Galleries. In response, Riggs argued that the statute is silent on what level of proof is required, and that Ms. Moore's testimony was sufficient proof. Riggs then moved the court to reopen its case in chief. The circuit court decided to take the mandates of the statute under consideration and asked the parties to brief the issue overnight. The following day, after hearing arguments from both sides, and after having conducted additional research, the court orally denied the motion for judgment as a matter of law, and allowed for the reopening of Riggs' case in chief for the narrow "purpose of hearing brief testimony regarding Ms. Moore's licensing as a real estate broker."

During the reopened case in chief, the following testimony was immediately elicited from Ms. Moore:

> Counsel for Riggs: Ms. Moore, are you a licensed real estate broker?
>
> Ms. Moore: Yes.
>
> Counsel for Riggs: And were you a licensed real estate broker in 2016 when the events that gave rise to this litigation occurred?
>
> Ms. Moore: Yes.
>
> Counsel for Riggs: Have you been continuously licensed as a real estate broker since that time?
>
> Ms. Moore: Yes.

4

Then, Riggs introduced three original certificates from the West Virginia Real Estate Commission showing that Ms. Moore was a licensed real estate broker in West Virginia. After Riggs rested its case, Contemporary Galleries made a second motion for judgment as a matter of law and alleged once again that Riggs failed to prove that Ms. Moore was a licensed real estate broker. The court disagreed and once again denied the motion.

The trial continued, and, at the conclusion of trial, the jury found in favor of Riggs and awarded it damages for both properties at issue. The judgment order was entered on July 10, 2020. Five days later, on July 15, 2020, Contemporary Galleries filed a motion for a new trial and relief from judgment, in which Contemporary Galleries reincorporated the arguments it previously made in the motions for judgment as a matter of law. The motion for a new trial was denied by order entered on December 8, 2020. This appeal followed.

## II.

## STANDARD OF REVIEW

On appeal, Contemporary Galleries argues that the circuit court erred by denying its motion for a new trial. We review the circuit court's denial of Contemporary Galleries' motion for a new trial under an abuse of discretion standard.

> [I]t is well-established that "'[a]lthough the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.'

5

> Syllabus point 4, *Sanders v. Georgia-Pacific Corp.*, 159
> W. Va. 621, 225 S.E.2d 218 (1976)." Syllabus Point
> 3, *Carpenter v. Luke*, 225 W. Va. 35, 689 S.E.2d 247 (2009).
> In other words, our standard of review for a trial court's
> decision regarding a motion for a new trial is abuse of
> discretion. *Marsch v. American Elec. Power Co.*, 207 W. Va.
> 174, 180, 530 S.E.2d 173, 179 (1999).

*MacDonald v. City Hosp., Inc.*, 227 W. Va. 707, 715, 715 S.E.2d 405, 413 (2011). With

this standard in mind, we proceed to the arguments presented.


# III.

# DISCUSSION

In the case sub judice, Contemporary Galleries contends that the circuit court

erred in denying its motion for a new trial based upon various evidentiary errors committed

in the course of the prior proceedings: (1) denying its pre-verdict motion for judgment as a

matter of law (made after Riggs rested at trial); (2) granting Riggs' motion to reopen the

case in chief; and (3) denying its second pre-verdict motion for judgment as a matter of

law (made at the end of Riggs' reopened case). Each of these assignments of error will be

addressed in turn.


## A. *Motion for Judgment as a Matter of Law*

Contemporary Galleries first argues that the circuit court erred in denying

its motion for judgment as a matter of law. Rule 50(a)(1) of the West Virginia Rules of

Civil Procedure provides that

6

> [i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Upon the close of Riggs' case in chief, Contemporary Galleries moved the circuit court for judgment as a matter of law, asserting that Riggs failed to establish the mandates of West Virginia Code § 30-40-25. West Virginia Code § 30-40-25 provides, in pertinent part:

> No person may bring or maintain any action in any court of this state for the recovery of compensation for the performance of any act or service for which a broker's license is required, without alleging and proving that he or she was the holder of a valid broker's license at all times during the performance or rendering of any act or service[.]

Specifically, Contemporary Galleries contends that Riggs failed to "allege and prove" that Ms. Moore was "the holder of a valid broker's license at all times" pertinent to this matter.

In response, Riggs maintains that it provided a legally sufficient evidentiary basis for a reasonable jury to find that Riggs "alleged and proved" that it was the holder of a valid broker's license at all times that it rendered services to Contemporary Galleries. To support this assertion, Riggs noted that (1) its complaint explicitly stated that it was "duly licensed to conduct business in the State of West Virginia as a real estate broker" and

(2) Ms. Moore testified during trial that she was an "attorney and a real estate broker," and such testimony was not rebutted by Contemporary Galleries.

In Syllabus point 5 of *Wager v. Sine,* 157 W. Va. 391, 201 S.E.2d 260 (1973), this Court held that "[u]pon a motion for a [judgment as a matter of law], all reasonable doubts and inferences should be resolved in favor of the party against whom the verdict is asked to be directed." Additionally, this Court has noted that

> the circuit court's denial of the motion for judgment as a matter of law poses a question of law, and, therefore, this Court's review of such a ruling is plenary. In addressing such issues on appeal, we must approach the evidence from a coign of vantage identical to that employed by the trial court in the first instance. This approach dictates that we take the record in the light most flattering to the nonmoving party, without probing the veracity of the witnesses, resolving conflicts in the testimony, or assaying the weight of the evidence. We may reverse the denial of such a motion only if reasonable persons could not have reached the conclusion that the jury [ultimately] embraced.

*Fraternal Ord. of Police, Lodge No. 69 v. City of Fairmont*, 196 W. Va. 97, 100, 468 S.E.2d 712, 715 (1996). *See also* Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 50(a)(1), at 1108 (4th ed. 2012) ("In reviewing a motion for judgment as a matter of law, a court should (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed

8

would allow reasonable jurors to differ as to the conclusions that could be drawn." (footnote omitted)).

In the case before us, Contemporary Galleries is not arguing that Riggs *was not* a licensed broker; rather, Contemporary Galleries argues only that Riggs failed to introduce sufficient evidence to prove that it had a valid broker's license during all relevant times. However, after a thorough review of West Virginia Code § 30-40-25, it is clear that the statute fails to state what amount of proof is needed to establish that an individual is indeed a licensed broker. When the evidence that was presented is considered in a light most favorable to Riggs, the nonmoving party, we conclude that substantial evidence existed which would have allowed a reasonable jury to find that Ms. Moore was a licensed real estate broker who met the mandates of West Virginia Code § 30-40-25. Therefore, we affirm the denial of Contemporary Galleries' motion for judgment as a matter of law.

### B. Reopening the Case in Chief

In its second assignment of error, Contemporary Galleries contends that the circuit court abused its discretion when it allowed Riggs to reopen its case in chief. As to the appropriateness of permitting a case to be reopened, this Court has held that

> [i]t is within the sound discretion of the court in the furtherance of the interests of justice to permit either party, after it has rested, to reopen the case for the purpose of offering further evidence and unless that discretion is abused the action of the court will not be disturbed.

9

Syl. pt. 4, *State v. Fischer*, 158 W. Va. 72, 211 S.E.2d 666 (1974). *See also* Syl. pt. 1, *Janssen v. Carolina Lumber Co.*, 137 W. Va. 561, 73 S.E.2d 12 (1952) ("'A trial court has discretion to reopen a case at the request of either party, after it has been closed and before it has gone to the jury, and admit evidence to prove an omitted fact.' Point 6, syllabus, *Harrold v. City of Huntington*, 74 W. Va. 538[,] [82 S.E. 476].").

With regard to this issue, we have no difficulty in finding that the circuit court acted well within its discretion in allowing Riggs to reopen its case in chief. As this Court has stated, "'[t]he policy of the law is to have every litigated case tried on its merits; and it looks with disfavor upon a party who, regardless of merits of his case, attempts to take advantage of mistake, surprise, inadvertence, or neglect of his adversary.'" *McDaniel v. Romano*, 155 W. Va. 875, 879-80, 190 S.E.2d 8, 12 (1972) (quoting *Kelly v. Belcher*, 155 W. Va. 757, 769, 187 S.E.2d 617, 623 (1972)). Not only did the circuit court take the time to review West Virginia Code § 30-40-25 overnight, but also it required the parties to conduct additional research and it heard oral argument on the implication of the aforementioned statute in court the next day. While the depth and extent of this research was likely not necessary, it does illustrate the circuit court's intention to have this case be resolved on its merits and not on a technicality. Furthermore, it is important to point out that the circuit court reopened the case only for the limited purpose of having Riggs elicit testimony regarding Ms. Moore's licensing as a real estate broker—it did not give Riggs an opportunity to retry its case from scratch. We therefore conclude that, with respect to

the reopening of Riggs' case in chief for a narrowly defined purpose, the circuit court did not abuse its discretion.

### C. Second Motion for Judgment as a Matter of Law

Lastly, Contemporary Galleries alleges that the circuit court erred in denying its second motion for judgment as a matter of law at the end of Riggs' reopened case in chief. In particular, Contemporary Galleries contends once again that Riggs failed to meet the evidentiary requirements of West Virginia Code § 30-40-25. Contemporary Galleries maintains that Riggs failed to "allege and prove" that it was licensed at all times pertinent to the case despite Ms. Moore testifying twice under oath that she was a licensed real estate broker, and in spite of the three original certificates from the West Virginia Real Estate Commission showing that she was a licensed real estate broker in West Virginia.

In Syllabus point 2 of *Fredeking v. Tyler*, 224 W. Va. 1, 680 S.E.2d 16 (2009), this Court held:

> When this Court reviews a trial court's order granting or denying a renewed motion for judgment as a matter of law after trial under Rule 50(b) of the West Virginia Rules of Civil Procedure [1998], it is not the task of this Court to review the facts to determine how it would have ruled on the evidence presented. Instead, its task is to determine whether the evidence was such that a reasonable trier of fact might have reached the decision below. Thus, when considering a ruling on a renewed motion for judgment as a matter of law after trial, the evidence must be viewed in the light most favorable to the nonmoving party.

11

Although Contemporary Galleries' second motion for judgment as a matter of law in the case sub judice was made during trial—unlike in *Fredeking*—the spirit and wisdom of *Fredeking* still apply. This Court repeatedly has recognized, that "[t]he province of the jury as the trier of fact is fundamental in our system of jurisprudence." *Hatten v. Mason Realty Co.*, 148 W. Va. 380, 391, 135 S.E.2d 236, 243 (1964). *See also State v. Bailey*, 151 W. Va. 796, 805, 155 S.E.2d 850, 856 (1967) ("The jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses.").

After the reopening of Riggs' case in chief, not only did Riggs reiterate and confirm the prior sworn testimony that Ms. Moore *was a licensed real estate broker*, but also Riggs submitted Ms. Moore's real estate broker licenses into evidence. When reviewed together with the evidence submitted prior to the reopening of Riggs' case in chief, we conclude that this is more than enough evidence for the jury to make a determination as to whether Riggs "alleged and proved" the mandates of West Virginia Code § 30-40-25. As mentioned above, it is not the task of this Court to determine how we would have ruled, but rather, it is our task to determine whether the evidence was such that a reasonable jury might have reached the decision below. As such, after carefully examining the trial transcript and the evidence submitted to the jury, we conclude that the circuit court did not abuse its discretion in denying Contemporary Galleries' second motion for judgment as a matter of law and allowing the case to be submitted to the jury.

12

## IV.

## CONCLUSION

For the reasons set forth above, we find no error in the denial of the motions for judgment as a matter of law, and we find no error in the reopening of Riggs' case in chief. Accordingly, the December 8, 2020 order of the Circuit Court of Kanawha County denying Contemporary Galleries' motion for a new trial is affirmed.

Affirmed.

13